GRACE D. TAYLOR *v.* WILLIAM T. TAYLOR

HOUSE, C. J., LOISELLE, MACDONALD, LONGO and BARBER, Js.

Argued May 14—decision released June 17, 1975

*Robert N. Shea,* with whom, on the brief, were *Melvin Scott* and *Narcyz Dubicki,* for the appellant (defendant).

*Thomas B. Wilson,* for the appellee (plaintiff).

PER CURIAM. This is an appeal by the defendant from a judgment granting the plaintiff a divorce on the grounds of intolerable cruelty, awarding her alimony of one dollar per year and ordering the conveyance to her of the defendant's interest in the jointly owned property of the parties. The defendant's basic claims are that the court erred: (1) in refusing to recognize the validity of a prior decree of divorce granted to the defendant in Mississippi on the ground that the defendant was not a bona fide resident of that state; (2) in granting a divorce to the plaintiff in the absence of any finding of intolerable cruelty; and (3) in awarding alimony to the plaintiff and transferring to her the defendant's interest in the jointly owned property.

To the defendant's special defense that a Mississippi court had dissolved the marriage prior to the date of the trial in Connecticut, as evidenced by a certified copy of the Mississippi decree, the plain-

tiff filed a reply alleging that the Mississippi court lacked jurisdiction to enter that decree because neither party was an actual bona fide resident of the state of Mississippi for one year prior to the commencement of the Mississippi action as required by the laws of that state. Although the court found that the defendant left Connecticut in the summer of 1971 to take employment in Mississippi, purchased a house and lot in Mississippi in August, 1971, and did not return to Connecticut until December, 1972, for the purpose of attending the trial of this action, it concluded that "[t]he defendant failed to prove that he was a bona fide resident of the State of Mississippi for one year prior to the commencement of this suit for divorce in said state" in August, 1972, and that "[s]ince the Mississippi court was without jurisdiction to grant a decree of divorce [to] the defendant, the Court was not required to give the Mississippi Court Decree full faith and credit."

It is obvious from the specific wording of the finding as well as from the language in the memorandum of decision that the court erroneously imposed upon the defendant the burden of proving that he was a bona fide resident of the state of Mississippi for the one-year period prior to the commencement of his divorce action necessary to give the Mississippi court jurisdiction to grant a valid decree. The plaintiff's reply to the special defense alleged that the Mississippi court lacked jurisdiction and it has been clearly stated by this court in *Rice* v. *Rice,* 134 Conn. 440, 447, 58 A.2d 523, aff'd, 336 U.S. 674, 69 S. Ct. 751, 93 L. Ed. 957, following *Williams* v. *North Carolina,* 325 U.S. 226, 234, 65 S. Ct. 1092, 89 L. Ed. 1577, that the burden of proving an allegation of lack of jurisdiction

under circumstances similar to those involved here falls upon the party making that claim—in this instance, the plaintiff, who introduced no evidence whatsoever to dispute the fact that the defendant was properly domiciled in Mississippi at the time he commenced his divorce action there or that he had been a resident there for more than one year prior to that time. Rather, the plaintiff apparently relied upon her claim that the defendant, by admitting the allegation in the complaint that "[t]he address . . . of the defendant [is] 214 Niantic River Road, Waterford, Connecticut," judicially admitted that he was still a resident of Connecticut. The defendant at that time shared with the plaintiff ownership of the property located at that address. An "address" is not domicil, and a person may have simultaneously two or more residence addresses but only one domicil at any one time. *Clegg* v. *Bishop,* 105 Conn. 564, 570, 136 A. 102. Jurisdiction to grant a divorce is founded on domicil and not residence or address; *Rice* v. *Rice,* supra, 445; *Williams* v. *North Carolina,* supra, 229; and the court erred in failing to recognize the validity of the Mississippi divorce decree under the constitutional mandate of full faith and credit; *Williams* v. *North Carolina,* 317 U.S. 287, 298, 299, 63 S. Ct. 207, 87 L. Ed. 189; even though the plaintiff made no appearance in the Mississippi proceedings. *Estin* v. *Estin,* 334 U.S. 541, 544, 68 S. Ct. 1213, 92 L. Ed. 1561.

Moreover, quite apart from any consideration of the effect of the Mississippi divorce in terminating the marriage relationship prior to the trial in Connecticut, there is no finding by the court relative to a single act of intolerable cruelty to support its conclusion that the defendant "has been guilty of

intolerable cruelty to the plaintiff," as alleged in the complaint, or even to link any conduct by the defendant to the supplemental finding that "by December, 1970, the conditions were intolerable to the plaintiff." The court's conclusions are tested by the finding; *New Haven* v. *United Illuminating Co.*, 168 Conn. 478, 483, 362 A.2d 785; and there is no finding to support a conclusion either that there were acts of cruelty on the part of the defendant or that any acts of his were intolerable in the sense of rendering the continuance of the marital relation unbearable by the plaintiff.

The defendant's claim of error in the court's award of alimony to the plaintiff and in its transfer to her of the defendant's interest in jointly owned real estate is based not upon the theory that the Connecticut courts have no authority to adjudicate the rights and equities of the parties with respect to property located in Connecticut but that such an adjudication cannot be accomplished by a divorce action in which, as in this case, the divorce sought could not properly be granted. Then § 46-21 of the General Statutes, pursuant to which the foregoing orders were made, provided in relevant part: "The superior court may assign *to any woman divorced by such court* a part of the estate *of her husband* and, in addition thereto or in lieu thereof, may order alimony to be paid from the *husband's* income . . . ." (Emphasis added.) Since we have concluded that the trial court could not, for the reasons given, properly grant a divorce to the plaintiff and that, in effect, the defendant was not her husband at the time the judgment herein was rendered, it follows that the court could not, as incidental to the entry of a decree of divorce, order the defendant to pay alimony or to transfer any

part of his estate to the plaintiff. See *Christiano* v. *Christiano,* 131 Conn. 589, 594, 41 A.2d 779; *Dunham* v. *Dunham,* 97 Conn. 440, 443–44, 117 A. 504.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.