LOUISE G. SMITH *v.* DELAVAN PALMER SMITH

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and LONGO, Js.

Argued October 12, 1977—decision released March 21, 1978

*Robert V. Cimmino* and, of the New York and Florida bars, *Martin J. Gersten,* with whom, on the brief, was *Jacob B. Gersten,* of the New York bar, for the appellant (plaintiff).

*John P. Febbroriello,* with whom, on the brief, was *Peter C. Herbst,* for the appellee (defendant).

COTTER, J.  The defendant filed a plea in abatement in the plaintiff's action for a dissolution of marriage, alimony, attorney's fees and other equitable relief, claiming that the court was without jurisdiction because the marriage had been dissolved by a judgment of divorce granted by the Supreme Court of the State of New York.  In her answer and special defense to the defendant's plea, the plaintiff challenged the validity of the New York judgment claiming lack of notice and alleging that it "was obtained by fraud, collusion, perjury and/or material misrepresentations" of the defendant.  The trial court sustained the defendant's plea in abatement, dismissed the plaintiff's action, and the plaintiff has appealed.

The finding, which is not subject to material correction, reveals the following:  The parties were married in Georgia in 1967 and subsequently moved to West Cornwall, Connecticut, where they resided in 1971.  On January 8, 1973, they separated and the plaintiff moved to 269 West 72nd Street in New York City; later she moved, on January 31,

1973, with the defendant's knowledge, to 170 Thompson Street in New York City; and thereafter the defendant failed in all attempts to locate her. On April 10, 1974, the defendant filed an action for divorce in New York; notice of the action was given by publication in the Poughkeepsie Journal and by mail to the West 72nd Street address. The plaintiff filed this action on May 22, 1974, and abode service was made upon the defendant at the West Cornwall address. On June 12, 1974, the defendant testified before the New York court that he had no knowledge of any pending actions for divorce in any other state and that he was, and had been since July of 1971, a resident of New York state. An ex parte divorce was granted to him on June 14, 1974, by the New York court.

The basis of the plaintiff's collateral attack upon the New York judgment was that the foreign divorce was obtained by the defendant's fraudulent statements "and/or material misrepresentations" to that court regarding his New York residency, his lack of knowledge of the suit instituted by the plaintiff in Connecticut, and his inability to ascertain the plaintiff's whereabouts, which fact resulted in her failure to receive notice of the proceedings to which she was a party. From the facts found, the trial court concluded that the plaintiff had not sustained her burden of proving the invalidity of the New York decree; the court therefore ruled that the New York judgment was entitled to full faith and credit, sustained the plea in abatement and dismissed the plaintiff's action.

A valid final judgment or decree of divorce entered by the New York court having jurisdiction to do so is entitled to full faith and credit. U.S.

Const. Art. IV, § 1; 28 U.S.C. § 1738 (as to manner of proof); *Johnson* v. *Muelberger,* 340 U.S. 581, 585, 71 S. Ct. 474, 95 L. Ed. 552; *Spalding* v. *Spalding,* 171 Conn. 220, 225, 368 A.2d 14; see annot., 28 A.L.R.2d 1303. Proper notice to a defendant, either by personal service of process or, if a nonresident, by publication or other constructive service as required by New York law, is essential to give the New York court jurisdiction to grant a valid divorce so as to entitle its decree to full faith and credit in Connecticut. *Thompson* v. *Thompson,* 226 U.S. 551, 562–63, 33 S. Ct. 129, 57 L. Ed. 347; *Atherton* v. *Atherton,* 181 U.S. 155, 21 S. Ct. 544, 45 L. Ed. 794; *Gildersleeve* v. *Gildersleeve,* 88 Conn. 689, 695, 92 A. 684; 24 Am. Jur. 2d, Divorce and Separation, §§ 947–950. The judgment is conclusive upon the merits in another state only if the first state had power to pass on the merits, that is, had jurisdiction to render the judgment. *Williams* v. *North Carolina,* 325 U.S. 226, 229, 65 S. Ct. 1092, 89 L. Ed. 1577, rehearing denied, 325 U.S. 895, 65 S. Ct. 1560, 89 L. Ed. 2006. Although the plaintiff alleges that the decree was obtained by the defendant's "fraud and/or misrepresentations" which induced the New York court erroneously to believe that it had jurisdiction, the validity of that judgment is dependent upon the jurisdiction of the court and not upon the independent ground of perjury or fraud, except as it might affect the New York court's jurisdiction to render a decree. See *Finn* v. *Employers' Liability Assurance Corporation,* 141 So. 2d 852 (La. App.); 24 Am. Jur. 2d, Divorce and Separation, §§ 480, 957.

Under the full faith and credit clause, our review of the New York court's jurisdiction is somewhat restricted in that we are under a duty to accord

prima facie validity to a divorce decree of a foreign state; *Esenwein* v. *Commonwealth,* 325 U.S. 279, 280, 65 S. Ct. 1118, 89 L. Ed. 1608; since a judgment presumes jurisdiction over the subject matter and over the persons. *Cook* v. *Cook,* 342 U.S. 126, 128, 72 S. Ct. 157, 96 L. Ed. 146. To overcome this presumption, the burden of undermining the decree of a sister state "rests heavily upon the assailant." *Cook* v. *Cook,* supra, 128; *Williams* v. *North Carolina,* supra, 234. The trial court in the present action concluded that the plaintiff did not sustain her burden of proving that, at the institution of the New York proceedings, the defendant had not satisfied the one-year residency requirement essential for the New York court to obtain jurisdiction to dissolve the marriage.[1] *Spalding* v. *Spalding,* supra; *White* v. *White,* 138 Conn. 1, 8, 81 A.2d 450. As the trier of facts, the trial court must determine what facts have been proven; *Cappiello* v. *Haselman,* 154 Conn. 490, 491, 227 A.2d 79; and its conclusions

---

[1] "[N.Y. Dom. Rel. Law § 230 (McKinney)] REQUIRED RESIDENCE OF PARTIES

An action to annul a marriage, or to declare the nullity of a void marriage, or for divorce or separation may be maintained only when:

1. The parties were married in the state and either party is a resident thereof when the action is commenced and has been a resident for a continuous period of one year immediately preceding, or

2. The parties have resided in this state as husband and wife and either party is a resident thereof when the action is commenced and has been a resident for a continuous period of one year immediately preceding, or

3. The cause occurred in the state and either party has been a resident thereof for a continuous period of at least one year immediately preceding the commencement of the action, or

4. The cause occurred in the state and both parties are residents thereof at the time of the commencement of the action, or

5. Either party has been a resident of the state for a continuous period of at least two years immediately preceding the commencement of the action."

which are logically supported by the finding must stand. *Freccia* v. *Martin,* 163 Conn. 160, 164, 302 A.2d 280.

The plaintiff claims that in 1973 the defendant resided in West Cornwall, Connecticut, and therefore had not satisfied the requirement of a one-year residency in New York. In the New York court, however, the defendant testified that he had been a resident of New York state since July of 1971. The term "residence," as used in the provisions of New York's Domestic Relations Law relating to residence requirements relative to the maintenance of divorce actions, "has been construed to be synonymous with the term 'domicile' "; *Usher* v. *Usher,* 41 App. Div. 2d 368, 370, 343 N.Y.S.2d 212; see *Gildersleeve* v. *Gildersleeve,* supra, 692; and "domicil" consists of actual residence coupled with the intention of permanently remaining. *Adame* v. *Adame,* 154 Conn. 389, 391, 225 A.2d 188; *Cocron* v. *Cocron,* 84 Misc. 2d 335, 341, 375 N.Y.S.2d 797; see 24 Am. Jur. 2d, Divorce and Separation, §§ 246, 247. "[A] person may have simultaneously two or more residence addresses but only one domicil at any one time. *Clegg* v. *Bishop,* 105 Conn. 564, 570, 136 A. 102." *Taylor* v. *Taylor,* 168 Conn. 619, 621, 362 A.2d 795.

The plaintiff also argues that the New York address given by the defendant in the New York proceeding was the address of his law office and not his residence. However, it was the plaintiff's burden to establish this fact by the evidence presented. *Cook* v. *Cook,* supra. The only evidence offered by the plaintiff on this issue was her testimony that there was no room to live at that New

York address, that some mutual friends told her he resided in West Cornwall, and that the telephone operator gave her the Connecticut number as the defendant's residence number. On the basis of this testimony the trial court was not compelled to conclude that the plaintiff met her burden of proving that the defendant was not domciled in New York. Nor was the trial court in error in refusing to add to its finding the fact that the defendant did not actually reside in New York, since this fact is neither admitted nor undisputed by the defendant. Practice Book § 628. Other facts relied upon by the plaintiff in her brief intended to establish that the defendant was at all times pertinent hereto a Connecticut resident cannot be added to the finding since there was no assignment of error seeking to correct the finding by the addition of these facts. *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 692, 88 A.2d 379; Maltbie, Conn. App. Proc. § 172. The conclusion of the trial court is logically supported by the findings made and therefore cannot be disturbed. *Connecticut Coke Co.* v. *New Haven,* 169 Conn. 663, 675, 364 A.2d 178.

The plaintiff further claims that the New York court's exercise of jurisdiction was improperly based upon the defendant's allegedly false testimony regarding his lack of knowledge of the pendency of the present action commenced by the plaintiff. As with many of the factual allegations contained in the plaintiff's brief, relevant draft findings in this regard were not submitted to the trial court. The court's conclusion that the New York decree was entitled to full faith and credit can only be reviewed by this court on the basis of a corrected finding. *Terrace Estates* v. *New Britain,* 166 Conn. 469, 471, 352 A.2d 303. Thus, since the

plaintiff does not seek to add to the finding material facts supporting this claim, we are limited to the facts found by the trial court. *McCoy* v. *Raucci,* 156 Conn. 115, 119, 239 A.2d 689.

The plaintiff's final argument in support of her claim that the court erred in giving full faith and credit to the New York judgment alleges a denial of due process as a result of the method of service used to notify her of the pendency of the New York proceedings. Service of the New York action was by publication in the Poughkeepsie Journal and by mail to 269 West 72nd Street, where the plaintiff first resided upon moving to New York. The plaintiff claims that the defendant was not entitled to obtain an order of service of process by publication, that the method of publication was not "reasonably calculated" to give her notice, and that the mailing of process in conjunction with this publication was not to her last known address as required by New York law.

In his sworn affidavit applying for an order for service by publication in New York, the defendant stated that the plaintiff moved out of the West 72nd Street apartment on January 31, 1973, and later informed him that she would be living at the Thompson Street address; that he had failed in all attempts to locate the plaintiff at that address or otherwise to determine her whereabouts even with the assistance of private investigators; and that the last communication received from her was a telegram sent from Canada, giving no return address. The New York court, therefore, ordered service by publication as the most likely means of giving notice to the plaintiff, along with a mailing of the summons

as authorized by § 315[2] and Rule 316[3] of the Civil Practice Law and Rules of New York (hereinafter referred to as CPLR).

In order to make a divorce decree valid "either in the State in which it is granted or in another State, there must, unless the defendant appeared in the suit, have been such notice to her as the law of the first State requires." *Cheely* v. *Clayton*, 110 U.S.

---

[2] "[N.Y. Civ. Prac. § 315 (McKinney)] SERVICE BY PUBLICATION AUTHORIZED The court, upon motion without notice, shall order service of a summons by publication in an action described in section 314 if service cannot be made by another prescribed method with due diligence."

[3] "[N.Y. Civ. Prac. Rule 316 (McKinney)] SERVICE BY PUBLICATION
(a) Contents of order; form of publication; filing. An order for service of a summons by publication shall direct that the summons be published together with the notice to the defendant, a brief statement of the object of the action and, if the action is brought to recover a judgment affecting the title to, or the possession, use or enjoyment of, real property, a brief description of the property, in two newspapers, at least one in the English language, designated in the order as most likely to give notice to the person to be served, for a specified time, at least once in each of four successive weeks, except that in a matrimonial action publication in one newspaper in the English language, designated in the order as most likely to give notice to the person to be served, at least once in each of three successive weeks shall be sufficient. The summons, complaint, or summons and notice in an action for divorce or separation, order and papers on which the order was based shall be filed on or before the first day of publication.
(b) Mailing to accompany publication in matrimonial actions. An order for service of a summons by publication in a matrimonial action shall also direct that on or before the first day of publication a copy of the summons be mailed to the person to be served unless a place where such person probably would receive mail cannot with due diligence be ascertained and the court dispenses with such mailing. A notice of publication shall be enclosed.
(c) Time of publication; when service complete. The first publication of the summons shall be made within twenty days after the order is granted. Service by publication is complete on the twenty-eighth day after the day of first publication, except that in a matrimonial action it is complete on the twenty-first day after the day of first publication."

701, 705, 4 S. Ct. 328, 28 L. Ed. 298; *Cikora* v. *Cikora,* 133 Conn. 456, 459–60, 52 A.2d 310. Under CPLR § 315, service by publication is authorized if service cannot be made by another prescribed method with due diligence. The trial court found that the defendant, although he exercised due diligence, was unable to locate the plaintiff at the Thompson Street address and had failed in all other attempts to locate her. These findings are supported by the evidence printed in the appendix to the defendant's brief and therefore cannot be stricken. Practice Book § 628; *Cleveland* v. *Cleveland,* 165 Conn. 95, 96, 328 A.2d 691. From the facts found, the trial court could properly conclude that the service by publication in this case was authorized under New York law and did not affect the jurisdiction of the New York court to dissolve the marriage. See *Rosenblum* v. *Rosenblum,* 181 Misc. 78, 42 N.Y.S.2d 626.

In the alternative, the plaintiff contends that even if service by publication was warranted under New York law, her due process rights were violated because the form of the publication was not "reasonably calculated" to give her notice, and she seeks to have added to the finding the fact that she does not read the Poughkeepsie Journal and had no prior knowledge of the New York divorce action. This fact is neither admitted nor undisputed merely because it may have been uncontradicted. *Walker* v. *Jankura,* 162 Conn. 482, 484, 294 A.2d 536. Such a correction in the finding is therefore not required. Practice Book § 628.

The adequacy of constructive notice " 'is dependent on whether . . . the form of substituted service provided for such cases and employed is reasonably

calculated to give [her] actual notice of the proceedings and an opportunity to be heard.' *Milliken* v. *Meyer,* 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278." *Cikora* v. *Cikora,* supra, 459. Here, as in *Atherton* v. *Atherton,* 181 U.S. 155, 172, 21 S. Ct. 544, 45 L. Ed. 794, the question is not whether the plaintiff had actual notice of the proceedings for divorce, but whether such reasonable steps had been taken to give her notice so that she is bound by the decree. See also Restatement, Judgments § 6, comment c. In view of the facts before the New York court regarding the defendant's inability to locate the plaintiff, the publication and mailing to the West 72nd Street address were sufficient to sustain the trial court's conclusion that the subsequent New York divorce was entitled to full faith and credit. *Atherton* v. *Atherton,* supra; see annot., 86 A.L.R. 1329, 1331.

Pursuant to New York law, a copy of the summons must be mailed before the first day of the published notice "unless a place where such person probably would receive mail cannot with due diligence be ascertained and the court dispenses with such mailing."[4] Based on the evidence, the trial court found that the defendant, in the exercise of due diligence, was unable to locate the plaintiff at 170 Thompson Street or otherwise ascertain her location. From these facts, the court was not precluded from giving full faith and credit to the New York judgment on the ground claimed by the plaintiff that the notice was defective.

There is no error.

In this opinion HOUSE, C. J., LOISELLE and LONGO, Js., concurred. BOGDANSKI, J., dissented.

---

[4] CPLR, Rule 316 (b). See footnote 3.