SUZANNE CARCHRAE *v.* ANDREW CARCHRAE
(4457)

DUPONT, C. J., HULL and DALY, Js.

Argued February 11—decision released April 28, 1987

*Patrick J. Wall,* for the appellant (defendant).

*Susan Dixon,* with whom was *Robert G. Girard,* assistant attorney general, for the appellee (plaintiff).

DUPONT, C. J. The issues of this dissolution action are whether the trial court erred in failing to dismiss the cause of action for lack of subject matter jurisdiction and in subsequently allowing an oral amendment on the day of trial to allege that the plaintiff had been residing in this state for one year since the date of the filing of her complaint. The defendant's argument is that even though the plaintiff had established and maintained residency in this state, her action should have been dismissed prior to the elapse of one year because the jurisdictional allegations of her original complaint as earlier amended could not be proved. Those allegations tracked the statutory language of General Statutes § 46b-44 (c) (2) and (3).

The parties were married in Cardiff, Wales, in 1974.[1] They were domiciled with their five minor children in the Republic of Ireland before the plaintiff's return to this country. After returning to this country, the plaintiff, along with her five children, established their residence in Connecticut in June, 1984. In July, 1984, the plaintiff commenced this action by filing a complaint seeking a dissolution of the marriage, alleging that she was domiciled in this state prior to her marriage and returned to this state, with the intention of permanently residing in it. An amended complaint of October, 1984, added the allegation that the cause for the action arose subsequent to her removal to this state.

The defendant answered, and thereafter filed various motions, as well as a counterclaim. The counterclaim was subsequently withdrawn, a motion to dismiss for lack of personal jurisdiction was not acted on, and

---

[1] The attorney general was a party to the action and adopted the plaintiff's brief.

an amended motion to dismiss grounded on the alleged failure to satisfy General Statutes § 46b-44 was denied without prejudice on November 9, 1984, and denied on March 11, 1985. The complaint was further amended orally on the day of trial with the permission of the court, to allege that the plaintiff had been residing in this state for one year prior to the date of the decree of dissolution. The court thereafter rendered its final judgment on July 17, 1985.

The defendant claims that the plaintiff's initial factual allegation which invoked the court's jurisdiction, that she was domiciled in this state at the time of the marriage and returned with the intention of residing here permanently, was not supported by the evidence. The trial court agreed that this allegation was unsupportable. See General Statutes § 46b-44 (c) (2).

The trial court did not specifically rule in its memorandum of decision as to whether the plaintiff's amended complaint which alleged that the cause for the dissolution of the marriage arose after either party moved into the state was supported by the evidence. See General Statutes § 46b-44 (c) (3). It need not have. By the time the hearing on the dissolution was held, the plaintiff had satisfied General Statutes § 46b-44 (c) (1) because she had been a resident of this state for at least twelve months since the filing of her action.

The defendant's jurisdictional argument appears to rest on his belief that the "plaintiff had entered the court based on jurisdictional allegations that were not true." The plaintiff entered the jurisdictional door of the court because she had established a residence in this state. See General Statutes § 46b-44 (a); *Sauter* v. *Sauter,* 4 Conn. App. 581, 582–83, 495 A.2d 1116 (1985). She left the courthouse door with a judgment

of dissolution because she had complied with General Statutes § 46b-44 (c) (1).

The defendant's second claim is that it was error for the court to permit the plaintiff to amend her complaint to allege that the court had subject matter jurisdiction sufficient to grant the decree of dissolution. The amendment to the complaint was made in accordance with Practice Book § 176 which allows a party to amend a complaint with leave of the court. The power to order such amendments in dissolution actions to ensure the pleading of facts necessary to give the court jurisdiction is specifically accorded by Practice Book § 454.

To reverse a ruling of the trial court allowing an amendment to the pleadings requires that the defendant make a "clear showing of abuse of discretion." *Saphir* v. *Neustadt,* 177 Conn. 191, 206, 413 A.2d 843 (1979). The court here had subject matter jurisdiction over the action because the plaintiff was a resident of Connecticut at the time she instituted the action. General Statutes § 46b-44 (a). Jurisdiction to grant a decree of dissolution cannot be determined, however, until the date of the decree. *Sauter* v. *Sauter,* supra, 583. The amendment permitted by the court, alleging that the plaintiff had resided in this state for one year prior to the date of dissolution, was not an allegation of a new cause of action. That amendment merely expanded upon the facts alleged in order to support the court's final jurisdiction to grant the decree. See *Saphir* v. *Neustadt,* supra, 206–207; *Sauter* v. *Sauter,* supra. We cannot find any abuse of discretion by the court.

There is no error.

In this opinion the other judges concurred.