KAREN CUGINI *v.* MARK R. CUGINI
(4825)
(4891)
(5231)

BORDEN, O'CONNELL and STOUGHTON, Js.

Submitted on briefs January 6—decision released February 22, 1988

*Mark R. Cugini,* pro se, the appellant (defendant), filed a brief.

STOUGHTON, J. This is an appeal by the defendant from the judgment of the trial court dissolving the marriage between the parties. The defendant has also appealed from the granting of a motion to continue a restraining order for an indefinite period and from a decision denying his motion for modification and change of a custody order.

The parties were married in Las Vegas, Nevada, on November 7, 1982. The plaintiff commenced this action by writ, summons and complaint dated June 21, 1985, and made returnable on July 30, 1985. At the time of the commencement of the action, the defendant was confined at the Adult Correctional Institution in Cranston, Rhode Island, and notice was given by service upon the defendant by registered mail. The defendant filed a pro se appearance and a series of motions, pleadings and counterclaims.

On February 13, 1986, the court held a hearing at which it found (1) that the marriage of the parties has "irretrievably broken down," and (2) that Mark R. Cugini "is found to have no rights to or of the children of a previous marriage." The court also restored the plaintiff's previous married name. On February 28, 1986, the defendant filed a notice of appeal. He also filed a number of motions, including a motion for clarification of the judgment, motions for permission to proceed in forma pauperis, motions for appointment of counsel, motions for transcript, and a motion to enlarge the time for filing an appeal. The motions for permis-

sion to appeal in forma pauperis were granted and an appeal was filed on May 27, 1986.

The defendant has taken this appeal pro se. He is still incarcerated in Rhode Island and did not appear for oral argument. The plaintiff also filed a pro se appearance in this court but did not file a brief. We decide this appeal upon the appellate record which the defendant has caused to be presented, the transcripts he has filed, and upon his brief. Although we will not entirely disregard our rules of procedure, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done. *Cersosimo* v. *Cersosimo,* 188 Conn. 385, 393, 449 A.2d 1026 (1982); *LaBow* v. *LaBow,* 13 Conn. App. 330, 336, 537 A.2d 157 (1988). We have thoroughly and carefully reviewed the entire record and the defendant's brief with this end in view.

The defendant has included no statement of issues in his brief, but he did present a "preliminary filing" which states the issues he wishes to raise.

I

JUDGMENT OF DISSOLUTION

(5231)

In this appeal, the defendant argues (1) that the trial court lacked subject matter jurisdiction in the dissolution action, (2) that the trial court abused its discretion in dissolving the parties' marriage while a paternity claim was pending in Probate Court and in permitting an amendment to the dissolution complaint to allege his conviction of an infamous crime as an additional ground, and (3) that the defendant was deprived of his property without due process of law.

The defendant's essential claim in his attack upon the judgment is that the plaintiff had not resided in Connecticut for one year next before the commencement

of the action, that her allegation that she had done so was false and a fraud upon the court, and that the trial court thus lacked subject matter jurisdiction. He has included in the record a number of copies of documents such as a Rhode Island motor vehicle registration issued to the plaintiff in March, 1985, showing a Rhode Island address, Massachusetts school records for one of the plaintiff's children for a period prior to April of 1985, and Western Union money orders dated in May, 1984, payable to the plaintiff in California, and two dated in June, 1984, one of which was payable in Massachusetts and the other in New Hampshire.

A complaint for dissolution of a marriage may be filed at any time after either party has established residence in this state, and a decree may be entered if one of the parties to the marriage has been a resident of this state for at least the twelve months next preceding the date of the filing of the complaint or next preceding the date of the decree. General Statutes § 46b-44. Jurisdiction to grant a dissolution is founded upon domicil; *Taylor* v. *Taylor,* 168 Conn. 619, 621, 362 A.2d 795 (1975); and the statute requires domicil plus substantially continuous physical residence. *LaBow* v. *LaBow,* 171 Conn. 433, 437, 370 A.2d 990 (1976). A person may have simultaneously two or more residence addresses, but only one domicil at any one time. *Taylor* v. *Taylor,* supra, 621. The burden of proving an allegation of lack of jurisdiction under these circumstances falls upon the party making the claim; Id., 620–21; and the trial court was not compelled to conclude that the plaintiff had not met the jurisdictional requirement. See *Smith* v. *Smith,* 174 Conn. 434, 440, 389 A.2d 756 (1978).

The plaintiff alleged that one of the parties would have been a resident of this state for at least twelve months next preceding the date of the decree to be entered. The trial court was aware of the claims made by the defendant, as evidenced by the transcript show-

ing its questioning of the plaintiff on this subject. The plaintiff testified that she had lived in this state for more than a year before the date of the complaint, which was June 21, 1985, that she came to Connecticut more than a year before that with her three children, and that she was fleeing from the defendant. The trial court believed this testimony, as it was free to do, and we may not disturb its finding of fact. Credibility of witnesses is for the trier of fact. The documents presented by the defendant, even if assumed to be valid, do not establish that the defendant did not reside in Connecticut. One may have more than one residence, and it is the fact of residence coupled with the intent to remain in Connecticut which is the foundation for jurisdiction.

The defendant next claims an abuse of discretion by the trial court in dissolving the marriage while a paternity claim was pending in the Probate Court. This involved one of the plaintiff's children concerning whom the defendant filed an acknowledgment of paternity. This child was born during the previous marriage of the plaintiff, and the trial court found that the defendant had no rights in this child or any child born of the plaintiff's previous marriage. Moreover, the defendant has furnished this court with a copy of a motion to dismiss his paternity claim dated March 21, 1986, citing "biological evidence" that the plaintiff's previous husband was the father of the child.

The defendant also claims an abuse of discretion by the trial court in permitting an amendment to the complaint to allege as an additional ground for dissolution that he had been convicted of an infamous crime. This is one of the grounds upon which dissolution may be sought; General Statutes § 46b-40 (c) (9); and, in any event, it was not the ground upon which dissolution was granted in this case.

The defendant claims, in addition, that he was deprived of his property without due process of law because the trial court was without jurisdiction to issue a writ of habeas corpus to bring him to Connecticut from the institution in Rhode Island for the trial and refused to appoint counsel to represent his interests. The defendant had filed a counterclaim seeking parental rights, visitation rights, attorneys fees, support, an order for the return of personal items, and payment of a loan made by his parents. He also sought the return of personal items by way of a motion. A motion to proceed by depositions was denied, and no depositions were submitted. The court made no financial orders whatsoever, so that the defendant remains free to pursue his claims for personal property. It was clearly within the court's discretion to refuse to make any financial orders. We find no due process violations. We are also unpersuaded by the claim that the trial judge evidenced prejudice against the defendant.

## II

### CONTINUANCE OF EX PARTE RESTRAINING ORDER

#### (4825)

The defendant has also appealed from the granting by the trial court of the plaintiff's motion for a continuance of a restraining order which she had obtained ex parte. The order and the continuance were prejudgment orders and have merged in the judgment and therefore have become moot. Furthermore, the only claim respecting this issue in the defendant's brief is that the plaintiff continued to visit him after the order had been issued and thus herself violated its terms. Claims of error not briefed are considered abandoned. *Czarnecki* v. *Plastics Liquidating Co.*, 179 Conn. 261, 262 n.1, 425 A.2d 1289 (1979).

## III

### DENIAL OF MOTION FOR MODIFICATION AND CHANGE IN CUSTODY ORDER

(4891)

Finally, the defendant has appealed from the denial of his motion for modification and change in the custody order respecting the plaintiff's children. The plaintiff had been granted custody of the three children born of her marriage to her previous husband when that marriage was dissolved in 1982. The defendant, obviously not a party to that action, sought to have the court modify that order. The trial court properly found that the defendant had no standing. This issue has not been briefed and is deemed abandoned. *Czarnecki* v. *Plastics Liquidating Co.,* supra.

There is no error.

In this opinion the other judges concurred.