[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This decision is limited to the question of whether the court had subject matter jurisdiction over the dissolution action between the parties which was commenced by the defendant in this action on July 13, 1974. A claim that the court lacks subject matter jurisdiction over an action must be determined whenever it is raised. LaBow v. LaBow, 171 Conn. 433, 440 and cases cited therein. The sixth count of the plaintiff's complaint in this case raises that issue by claiming that the court made an inaccurate finding in a dissolution action that at least one party was a resident of this state for at least twelve months before the commencement of the action. Before the issues of the defendant's counterclaim can be considered, the plaintiff's claim of lack of jurisdiction over the original action must be disposed of. This opinion is limited to that issue.
The defendant claims that she had both domicile and residency in Connecticut when she commenced the divorce action in 1974. She makes the additional claim that the issue of jurisdiction has already been determined, and that several court decisions in both Connecticut and New York have found that Connecticut had subject matter jurisdiction over the divorce proceedings.
Apparently the first time the jurisdiction question was raised was in an appeal by the husband from an order for temporary alimony and child support, which went to the Connecticut Supreme Court in LaBow v. LaBow, 171 Conn. 433. There the court discussed what was then 46-35 of the General Statutes (former 46-15), and the predecessor to current 46b-44 C.G.S. There the court summarized jurisdiction for dissolution of marriage under the statute as existing "when (1) either party has been a resident of this state for at least twelve months next preceding the date of the filing of the complaint; (2) either party has been a resident for the twelve months next preceding the date of the decree; (3) one of the parties was domiciled in this state at the time of the marriage and before the filing of the complaint returned intending to remain permanently; (4) the cause for dissolution arose after either party CT Page 11103 removed into this state." Id, 436. If the spouse commencing the dissolution action meets the residency requirement in the statute, the court can enter a dissolution of the marriage without personal jurisdiction over the defendant. Fernandez v. Fernandez, 208 Conn. 329,334; Babouder v. Abdennur, 41 Conn. Sup. 258, 265. In the dissolution action between these parties the court had personal jurisdiction over the defendant because he was personally served with a copy of the complaint. However, the court still must have subject matter jurisdiction over the dissolution action itself. If the defendant (the plaintiff in the dissolution action) was a resident of this state when she commenced the action, there is subject matter jurisdiction. Cugini v. Cugini, 13 Conn. App. 632,635; Carchrae v. Carchrae, 10 Conn. App. 566, 569. Moreover, jurisdiction exists even if she was not in the state for one year before filing the action, if she was a resident for twelve months after filing it. Id. Conversely, if the residency requirement was met at the time of commencement of the proceedings, jurisdiction over the action would survive a change of domicile during the proceedings. Baker v. Baker, 166 Conn. 476, 488.
At the hearing before this court the defendant presented evidence on domicile and residence. Among other things she testified that the parties maintained two residences in 1974, an apartment at 1050 Park Avenue in New York City, and a house and other facilities at 85 Old Easton Turnpike, Weston, Connecticut. The parties were then registered voters in Weston and both had Connecticut drivers licenses. While the children went to school primarily in New York City, two of them attended school in Fairfield in the September 1974 to June 1975 school year, while the dissolution action was pending. While it is questionable whether the plaintiff spent as much as 50% of her time in the Weston residence as she claims, it is apparent that the parties did in fact maintain two residences and that the plaintiff resided at least part of the time in Connecticut with her children when the dissolution action was started and when it concluded in 1978.
A person can have two or more residence addresses but only one domicile at any point in time. Taylor v. Taylor, 168 Conn. 619,621; Cugini v. Cugini, supra, 635. Under the statute in effect when this dissolution action was brought it was not necessary for the plaintiff to be domiciled in the state with intent to remain permanently; it was also sufficient if either party was a resident of Connecticut for at least 12 months before the filing of the complaint or a resident for 12 months before the date of the decree. LaBow v. LaBow, supra, 436. CT Page 11104
Under ordinary circumstances, this court would make a finding on whether the defendant (as plaintiff in the dissolution action) met either the domicile or residency requirements of 46-35 of the General Statutes, the governing statute in 1974. (Section 46b-44
C.G.S., which took effect October 1, 1978, after the dissolution here has similar requirements). However the exhibits before the court, which includes copies of prior opinions in the ongoing LaBow saga, and a review of reported decisions supports the claim that the issue of subject matter jurisdiction has previously been considered in Connecticut and New York. This brings into play the concepts of res judicata and collateral estoppel. In LaBow v. LaBow, supra, 439 the opinion states: "There is no error in the court's conclusion that on the date the action commenced the plaintiff was a resident of this state. The court's conclusion is supported by the finding." The opinion also states at page 442 that "the court had jurisdiction of the action based on the plaintiff's residence in this state, even though the initial complaint alleged domicil." When the dissolution judgment was entered by Judge Testo on August 28, 1978 he made the following finding: "One party has resided continuously in this state 12 months next before the date of the filing of the complaint or next proceeding the date of this decree." Following that the New York Supreme Court (Blyn, J.) extensively discussed jurisdiction in a decision dated April 17, 1979, based upon the finding of residence in the dissolution judgment of August 28, 1978. Relying upon Sherrer v. Sherrer, 334 U.S. 343, 341, 352, the decision held that the defendant could not collaterally attack jurisdiction in New York where he had an opportunity to raise the jurisdictional questions before the Connecticut courts. In addition, there was a presumption that a divorce judgment of another state is valid and that the foreign state had jurisdiction over the parties based upon domicile of at least one of them, and it was held that the Connecticut judgment was entitled to full faith and credit in New York.
The next decision which discussed this issue was Judge Saden's decision of September 9, 1985, granting a motion to modify the dissolution judgment of August 28, 1978. The court found that the defendant husband had deliberately failed to appear in the divorce proceedings. In an appeal from the modification of the judgment, the Appellate Court also referred to the Superior Court's finding that in 1978 there was personal jurisdiction over the defendant husband and that neither he nor his counsel were present at the hearings even though counsel had filed an appearance with the CT Page 11105 court. LaBow v. LaBow, 13 Conn. App. 330, 346.
Even if the precise question raised in this case was not decided in prior proceedings, there was clearly an opportunity at numerous times in the extensive litigation between the parties to question subject matter jurisdiction of the Connecticut courts over the dissolution action. It is too late to raise it now. While a challenge to a court's subject matter jurisdiction can be raised at any time and cannot be waived, the concept of finality of judgments, particularly when the parties have had a full opportunity originally to contest jurisdiction, precludes a collateral attack on that ground in subsequent proceedings. Meinket v. Levinson, 193 Conn. 110, 114; Monroe v. Monroe,177 Conn. 173, 178. "A subsequent challenge to subject matter jurisdiction, when that issue was not actually litigated in the prior action, is authorized only if the litigant can show that `the tribunal's excess of authority was plain or has seriously disturbed the distribution of governmental powers or has infringed a fundamental constitutional protection.'" Meinket v. Levinson, supra, 114; Bridgeport v. Debek, 22 Conn. App. 517, 519, 520. That did not occur here. The testimony offered in this case confirms that there was a reasonable basis for a finding of jurisdiction, or at least that the finding that was made was not clearly erroneous. Accordingly, this court cannot find that there was no subject matter jurisdiction over the original dissolution action.
ROBERT A. FULLER, JUDGE