[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (NO. 108)
CT Page 9693
The plaintiff, Cory R. Thompson, commenced this action for a dissolution of marriage by writ and complaint returnable June 21, 1994. In his complaint, the plaintiff also seeks custody of the minor child, a fair and equitable division of personal property, and other relief.
On July 25, 1994, the defendant wife, Stacey S. Thompson, filed a motion to dismiss on the ground that, pursuant to General Statutes § 46b-97(c), the court should declare itself an inconvenient forum for the determination of the custody of the parties' minor child. This motion will be set down for hearing and is not addressed here.
On July 27, 1994, the defendant filed a second motion to dismiss on the ground that the court lacks subject matter jurisdiction over this action. The defendant has also filed a supporting memorandum of law. The defendant argues that the plaintiff has not fulfilled the residency requirement in General Statutes § 46b-44(c) or § 46b-44(d), thus depriving the court of subject matter jurisdiction. The plaintiff has not filed a memorandum of law in opposition to this motion to dismiss.
 II
A motion to dismiss is the appropriate vehicle for challenging the subject matter jurisdiction of the court.Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687
(1985). "When either of the parties to a dissolution action meets the domicile requirements of General Statutes § 46b-44(c), the court has . . . subject matter jurisdiction."Sachs v. Sachs, 22 Conn. App. 410, 415 (1990). If the court finds that it has no jurisdiction, it must dismiss the case.Pet v. Dept. of Health Services, 207 Conn. 346, 351 (1988).
The defendant argues in her brief that because the plaintiff was not a Connecticut resident at the time he entered the armed services, General Statutes § 46b-44(d) does not apply. The defendant further argues that because the plaintiff has not met the residency requirement of General Statutes § 46b-44(c) the court does not have subject matter jurisdiction and the action should therefore be dismissed. CT Page 9694
The plaintiff alleges in paragraph 2 of his complaint that: "One of the parties to this marriage, for at least twelve months preceding the decree to be entered in this action, will have been a resident of this state."
General Statutes § 46b-44 provides, in pertinent part, as follows:
 (c) A decree dissolving a marriage or granting a legal separation may be entered if: (1) one of the parties to the marriage has been a resident of this state for at least the twelve months next preceding the date of the filing of the complaint or next preceding the date of the decree. . . .
 (d) For the purposes of this section, any person who has served or is serving with the armed forces . . . and who was a resident of this state at the time of his or her entry shall be deemed to have continuously resided in this state during the time he or she has served or is serving with the armed forces. . . .
"A complaint for dissolution of a marriage may be filed at any time after either party has established residence in this state, and a decree may be entered if one of the parties to the marriage has been a resident of this state for at least twelve months . . . next preceding the day of the decree."Cugini v. Cugini, 13 Conn. App. 632, 635 (1988). "For the purpose of filing a complaint for dissolution of marriage or for the granting of alimony or support pendente lite, residence of one party, without a showing of domicile is sufficient to give the court subject matter jurisdiction under (§ 46-35, now § 46b-44)." Labow v. Labow, 171 Conn. 433, 439 (1976). Also see Sauter v. Sauter, 4 Conn. App. 581, 583 (1985), holding residence alone is sufficient to give a trial court subject matter jurisdiction for the purpose of the filing of a dissolution action.
"Jurisdiction to grant a dissolution is rounded upon domicil, and the statute requires domicil plus substantially continuous physical residence." (Citation omitted.) Cugini v.Cugini, Id. The burden of proving an allegation of lack of jurisdiction under these circumstances falls upon the party CT Page 9695 making the claim. Taylor v. Taylor, 168 Conn. 619, 620-21
(1975). The defendant has failed to present any evidence regarding the domicile of either party, and it is not sufficient to show that the plaintiff is residing in this state while on active military service, to show that he cannot obtain domicile here. Thus, the court is not compelled to conclude that the plaintiff has not met the jurisdictional requirement. See Smith v. Smith, 174 Conn. 434, 439-40 (1978).
Morever, as residence alone provides jurisdiction for the filing of a dissolution complaint, the question of domicile and whether the plaintiff will meet the requirement of General Statutes § 46b-44(c)(1) that a party reside in this state for at least twelve months prior to the decree, cannot be considered now and must await the time of trial. Sauter v.Sauter, 581, supra.
Accordingly, the defendant's motion to dismiss is denied.
The defendant's motion to dismiss filed July 25, 1994 (No. 106) shall be set down for hearing. The parties are ordered to file an affidavit pursuant to General Statutes § 46b-99 prior to such hearing.
Teller, J.