[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant has moved pursuant to Section 25-12 of the Practice Book to dismiss this action for dissolution of the marriage of the parties, asserting that the court lacks subject matter jurisdiction to dissolve the marriage because neither party meets the residency requirements of Section 46b-44 of the General Statutes and that the court lacks subject matter jurisdiction over custody and visitation pursuant to Section 46b-93 of the General Statutes because Massachusetts is the home state of the parties' minor child, Ariel, who was born on June 3, 1985. The plaintiff filed an objection to the motion. The parties submitted memoranda of law and affidavits in support of their respective positions, and the court held an evidentiary hearing.
The plaintiff alleged in her complaint that she was a resident of Connecticut for at least twelve months prior to her entry into the United States Navy and that she remains in active service. She enlisted in the navy in 1983 and was married to the defendant in Pensacola, Florida on November 11, 1984. In April 1987, she left the navy and the parties moved to Arizona, where both were employed in nonmilitary occupations. The plaintiff asserts that she was on separation leave from the navy for some of the time she lived in Arizona, and that she rejoined the Navy in a reservist status in November 1987. The defendant asserts, and the court finds, that the plaintiff did not resume active duty until April 1988. In either case, there was a period in 1987 when the plaintiff was not in the navy and did not reside in Connecticut. After the plaintiff's re-enlistment, the parties moved to Massachusetts, where they purchased a house. The plaintiff and the child continue to live there.
The plaintiff has continued to treat Connecticut as her home state. Her navy pay records indicate that she claimed Connecticut as her home state for purposes of state income tax, but that she was not required to pay Connecticut income tax that year. The records also list her enlistment date as June 2, 1983, when she CT Page 573 was a Connecticut resident, rather than 1988, when she lived in Arizona. She also maintains a Connecticut driver's license, using her mother's home as an address, although her mother is deceased. She intends to return permanently to Connecticut in the future, either to accept a requested transfer to this state or when her naval career has ended.
The defendant moved from Massachusetts to Rhode Island at the time of the parties' separation in July, 1998. Neither he nor the child has ever been a resident of Connecticut. The child has always attended school in Massachusetts, and her friends and her physician are located there.
The plaintiff filed for divorce in Massachusetts, but caused that action to be dismissed the day before commencing this action. The defendant filed for divorce in Massachusetts after being served with the Connecticut action. The parties entered into temporary orders in the Massachusetts court both as part of the wife's action there and in connection with the husband's action. The latter orders were entered by stipulation on November 17, 1998, seven days after the return date for this action. The orders included a provision that neither party would change the child's residence from Massachusetts without the written permission of the other or a court order.
Jurisdiction is the power of a court to hear and determine the cause of action presented to it. Zizka v. Water PollutionControl Authority, 195 Conn. 682 (1985). While every presumption is to be indulged in favor of jurisdiction, Rummel v. Rummel,33 Conn. App. 410, 415 (1993), the court derives its authority to dissolve marriages from statutes, which must be strictly construed. "Section 46b-44 establishes a residency requirement, satisfaction of which is essential to confer on the court subject matter jurisdiction over a dissolution action." Charles v.Charles, 243 Conn. 255, 257 (1997). It is the fact of residence coupled with the intent to remain in Connecticut which is the foundation for jurisdiction. Cugini v. Cugini, 13 Conn. App. 632,636 (1988). Here, the plaintiff claims residence by virtue of her having been a resident of Connecticut for twelve months prior to her enlistment in the United States Navy in 1983. The statute provides:
 For the purposes of this section, any person who has served or is serving with the armed forces . . . and who was a resident of this state at the time of his or here entry shall
CT Page 574
 be deemed to have continuously resided in this state during the time he or she has served or is serving with the armed forces or merchant marine.
Connecticut General Statutes, Section 46b-44(d) (emphasis added). The plaintiff left the armed forces for at least six months in 1987 and took up residency in Arizona, where she held a civilian job. Because she was not continuously in the armed forces since 1983, she cannot be deemed to have continuously resided in this state during that period. Accordingly, the plaintiff is not a resident of Connecticut for the purposes of Section 46b-44 of the General Statutes.
The plaintiff has also asserted in her complaint and in a pendente lite motion a claim for custody of the minor child. The authority of the court to determine custody of a child is governed by the Uniform Child Custody Jurisdiction Act (UCCJA). Among the purposes of that act is to "assure that litigation of the custody of a child take place ordinarily in the state where the child and his family have the closest connection and where significant evidence concerning his care, protection, training and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state." Connecticut General Statutes, Section 46b-91 (emphasis added). The statute further provides that the court has jurisdiction to determine child custody by initial or modification decree if: .
. . it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships . . .
Connecticut General Statutes, Section 46b-93. The inclusion of the words "and his family" in Section 46b-91 makes clear the intent of the legislature that the child and the family be treated as a unit for the purposes of the statute. The court does not find that the requirements of Section 46b-93 have been met here. The child has no significant connection with this state, and evidence concerning her present and future care, protection, training, and personal relationships is more readily available in CT Page 575 Massachusetts, where she has always resided.
For the foregoing reasons, the motion to dismiss is granted.[1]
Judgment will enter accordingly.
BY THE COURT,
GRUENDEL, J.