[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The non-resident defendant husband has filed a motion to dismiss in this dissolution action commenced by the plaintiff wife seeking a dissolution of marriage, custody, child support, alimony and other financial relief dated November 3, 1999. The defendant filed an appearance through counsel and a motion to dismiss dated November 24, 1999 contending that the pending case should be dismissed on the basis of the plaintiff's lack of residency and due process grounds. The parties presented oral testimony and exhibits at a contested hearing on December 6, 1999.
 FACTS
The parties were married in the State of Connecticut on May 1, 1993. The parties lived in Connecticut for approximately one month subsequent to the date of the marriage. The parties then moved to the State of New York. The parties also lived in the State of Maine and Florida for a period of time and the State of Connecticut. The parties returned to the State of New York and on November 3, 1998 they purchased a home together in Wilton, New York. Both parties resided with their minor child, Samantha, born December 25, 1996, at the Wilton, New York home. The parties, (including the minor child) resided in the State of New York until October 29, 1999, when the plaintiff wife moved to her parent's residence in Enfield, Connecticut with an intent to permanently remain in Connecticut with the parties minor child, Samantha. The plaintiff advised the defendant that she was leaving him to return to the State of Connecticut on a permanent basis. The defendant has remained in the marital home in the State of New York with an intent to continue to reside at said CT Page 443 residence.
The defendant, husband, commenced the dissolution of marriage action against the wife in New York Superior Court, County of Saratoga, on the morning of November 4, 1999. The plaintiff commenced her own separate action in Hartford Superior Court and served the defendant on November 4, 1999 with return of the action filed on November 8, 1999. The minor child has resided in the State of New York with the parties from at least November, 1998 through October 29, 1999 in the State of New York.
 DISCUSSION OF LAW
A motion to dismiss is the proper method of raising in personam and subject matter jurisdiction in family matters. Labow v.Labow, 171 Conn. 433, 436-37, 370 A.2d 990 (1976). The defendant's motion to dismiss raises lack of jurisdiction over the person. P.B. 25-13(2) (formerly P.B. § 1213).
The defendant's motion to dismiss was filed within thirty days of the filing on his appearance. P.B. § 25-12(a). Pursuant to P.B. § 25-12(a), the defendant filed a memorandum of law with the motion to dismiss. The plaintiff filed a supporting affidavit as to facts not apparent on the record. The plaintiff's affidavit states that she established residency in the State of Connecticut effective February, 1999. The plaintiff wife claimed jurisdiction over the nonresident husband for the purpose of entering a decree dissolving the marriage and determining financial orders as well as orders of custody and visitation over the minor child. The longarm statute of the State of Connecticut is C.G.S. § 46b-46
(b) concerning financial matters. The court may exercise personal jurisdiction over the nonresident party as to all matters concerning temporary or permanent alimony or support of children, only if: (1) the nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony or support of children meets the residency requirement of § 46b-44.
Based upon the testimony of the parties are witnesses, the exhibits and plaintiff's supporting affidavit, the court finds that the plaintiff has met the two Longarm requirements of C.G.S. § 46b-46 (b) to wit: (1) The nonresident party has received actual notice under subsection (a) of C.G.S. § 46b-46; and (2) The party requesting alimony or support of children meets the residency requirements of § 46b-44. CT Page 444
The issue raised by the defendant in his motion to dismiss requires the Court to determine whether or not compliance with these two requirements of the Longarm Statute meets the jurisdictional requirements of Connecticut. The defendant claims the plaintiff's commencement of this action in Connecticut violates his federal due process rights and this violation deprives Connecticut of jurisdiction. The record is clear that the defendant has received actual notice of the pendency of the action. The first prong of the test has been met. Shaffer v.Hatner, 433 U.S. 186, 97 S.Ct. 2569 (1977). Pennoyer v. Neff,95 U.S. 714, 732, 33 (1878).
The second prong of the test requires the Court to find whether there is a sufficient connection between the defendant and Connecticut to make it fair to require the defense of the action by the defendant in Connecticut. Milliken v. Meyer, supra,311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284. Even though there may be adequate notice to a party, the lack of sufficient connection between the defendant and the forum state is sufficient to establish a due process violation. Without satisfaction of this second requirement, the matter must be dismissed. "A defendant to be bound by a judgment against him must have certain minimal contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington,326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed.2d 95 (1945). The defendant makes this claim seeking dismissal by reason of lack of jurisdiction over the person. P.B. § 25-13(2). These due process requirements are applicable to dissolution cases. Estin v. Estin,334 U.S. 541, 545, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948);Vanderbilt v. Vanderbilt, 354 U.S. 416, 417, 77 S.Ct. 1360,1 L.Ed. 1456 (1957); Kulko v. Superior Court of California,436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).
When a nonresident defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state Longarm Statute authorizes the assertion of jurisdiction over the defendant. If the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. Knipple v. VikingCommunications, Ltd., 236 Conn. 602, 606, 674 A.2d 426 (1996).Jepson v. Jepson Superior Court New Haven No. FA 970156588S CT Page 445 (1998).
 CONCLUSION
The plaintiff in the above-entitled matter attempted to persuade the court that she and the minor child moved to the State of Connecticut on February 19, 1999. The plaintiff alleged on her original complaint dated November 3, 1999, that "one party to the marriage has been a resident of the state for at least 12 months next proceeding the date of the decree". The plaintiff in her affidavit dated December 3, 1999, averred under oath that "my husband and I separated in February, 1999, and I moved back to the family residence, the same residence I lived in prior to my marriage with the intent of remaining in Connecticut indefinitely." The plaintiff argued at the hearing that she either resided in Connecticut since February 19, 1999 or was domiciled in Connecticut at the time of the marriage and intended to return to Connecticut to permanently reside.
The defendant contested the allegation that the plaintiff moved back to her family home in February. 1999, and presented on the following evidence:
(1) She attended an appraisal school in the State of New York subsequent to February, 1999. (2) She filed a certificate of a business filing in the county clerk of Saratoga County, New York on February 16, 1999, which was one week prior to the date on which the plaintiff claims she moved to the State of Connecticut with the child and further listed her residence and the residence of the child in New York, (Defendant Exhibit B). The evidence further reflects that the plaintiff (3) operated her appraisal business out of the marital residence in New York. (Defendant Exhibit C.I) (4) She opened a bank account for her business in New York on May 11, 1999, (Defendant Exhibit H). (5) She purchased a cell phone service listing the Wilton, New York address as her home, (Defendant Exhibit D). (6) She further coordinated and obtained new automobile insurance listing the Wilton, New York address as her home and the address of husband, (Defendant Exhibit E). (7) She further participated in marriage counseling with two separate marriage counselors, both in New York, never representing to the counselors that she had moved to Connecticut, (Defendant Exhibit F). (8) She further attended doctors appointments in New York for herself and the parties minor child up to October 27, 1999, never representing to the medical care providers for herself and her child that she had CT Page 446 moved to Connecticut. (9) She further did not change doctors for herself and/or her child from physicians located in New York. (10) She further attended and sought dental treatment for herself and the minor child in the State of New York prior to October 29, 1999, (Defendant Exhibit K). The plaintiff according to her own admission (11) did not transfer her drivers license, (12) transfer her car registration or (13) obtain a business license in the State of Connecticut prior to October 29, 1999.
As to the interpersonal relationships between the parties, the court further finds that the oral testimony of the defendant is credible that the parties resided together as man and wife in the State of New York until October 29, 1999. The defendant's testimony as to the plaintiff's visit to Connecticut on a monthly basis is also found to be credible. They vacationed together as a family in June and September, 1999. The plaintiff and minor child lived with the defendant in New York as a family until October 29, 1999 when she decided to leave for Connecticut with the minor child.
Based on the testimony of the parties, exhibits and affidavits submitted by the plaintiff, the court concludes that the plaintiff intended to reside in the State of New York until October 29, 1999, when she decided to move to the State of Connecticut with the minor child. The court further finds that the plaintiff did not establish dual residency, i.e., residency in the State of Connecticut and the State of New York effective February 19, 1999. The court further finds that prior to October 29, 1999, that she and the defendant were domiciliaries of the State of New York.
The court further finds that the plaintiff first established residency in the State of Connecticut on October 29, 1999, as a result of her removal of herself and the minor child from the State of New York and declaration to her husband that she intended to move to Connecticut with the minor child and not return. The court further finds that this was the first time the plaintiff made said overture of change of residency to the defendant.
The court concludes that the plaintiff left the State of New York and established residency in the State of Connecticut with the intent to remain therein commencing October 29, 1999. A complaint for dissolution of marriage may be brought after residence is established but jurisdiction to grant a dissolution CT Page 447 of marriage which is based upon domicile is determined at the final hearing. Cugini v. Cugini, 13 Conn. App. 632, 635 (1988).Carchrae v. Carchrae, 10 Conn. App. 566, 569 (1987). Schneider v.Schneider, 3 C.S.C.R 580 (Litchfield 1988). The marital res of the parties can be terminated, in the State of Connecticut by judicial decree 12 months from the date of her establishment of residency in the State of Connecticut. Connecticut General Statutes § 46b-44 (c). The longarm jurisdiction statute, 46b-46
(b), residence statute 41b-44 (c) and the Due Process Clause of the Fourteenth Amendment can be satisfied by the State of Connecticut exercising jurisdiction granting only a decree dissolving the marriage, one year from the date that the plaintiff established residence in the State of Connecticut.Vanderbilt vs. Vanderbilt, 354 U.S. 418, 419. Carchrae vs.Carchrae, supra. Labow v. Labow, at 437.
This court, however, does not have sufficient jurisdiction over the defendant to enter any awards of alimony, support or custody.Kulko vs. Superior Court of California, supra, Jepson vs. Jepson, supra. It is a further finding of this court that the minor child resided in the State of New York with the plaintiff and defendant until October 29, 1999. The State of New York is the home state of the minor child for custody purposes as provided in Connecticut General Statutes § 46b-93.
 ORDER
This court concludes that the traditional notions of fair play and substantial justice warrant the dismissal of this action. The defendant is free to file an amendment to her complaint seeking a dissolution of marriage as her only claim for relief. The marital res is with both the plaintiff and defendant at all times. It is reasonable for the defendant to expect to be haled into Connecticut solely for the purpose of dissolving the marriage due to the plaintiff's continued Connecticut residency. Vanderbilt v.Vanderbilt, supra, 354 U.S. 418-19.
All requests by the plaintiff for relief relating to alimony, support, custody and visitation are not within the jurisdiction of Connecticut. In the event that such an amended complaint is not filed by the plaintiff within fourteen days hereof, the entire matter is hereby dismissed. The filing of the amended complaint seeking a decree dissolving the marriage, its only claim for relief, which can be presented in this case. "The nullification of that portion of the decree (financial orders), CT Page 448 however, has no impact on its remaining provisions that terminate the marriage Pinder v. Pinder, supra, 42 Conn. App. 260; Jaserv. Jaser, 37 Conn. App. 194, 205, 655 A.2d 790 (1995).
Devine, J.