MYRNA F. LABOW *v.* RONALD I. LABOW

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued June 10—decision released August 17, 1976

*Jeroll R. Silverberg,* for the appellant (defendant).

*Allan S. Mall,* for the appellee (plaintiff).

LOISELLE, J. This appeal arises from the issuance of orders of alimony and child support pendente lite in an action for dissolution of a marriage.

On July 13, 1974, the plaintiff, Myrna F. LaBow, instituted an action for dissolution of marriage by service of process on the defendant, Ronald I. LaBow, when the parties were in Weston, Connecticut, where they maintained a residence which they had used principally during the summer months. Since 1966 they had also owned an apartment in New York City, where the children attended private schools. In her initial complaint, the plaintiff alleged that she had resided continuously in Connecticut one year next before the date of that complaint. The complaint was followed on July 29 by a motion for alimony pendente lite and a motion for custody and support of minor children pendente lite. The defendant entered a special appearance and filed a plea in abatement, alleging that the court lacked jurisdiction because the plaintiff had not resided in this state for one year next before the date of the complaint nor had she been domiciled in the state one year before the date of the complaint. The plaintiff demurred to the plea on the basis that the statute regarding dissolution of marriage does not require residence for one year before initiating an action for dissolution, but only one year's residence before a final hearing. The

defendant amended his plea to allege that neither party had established a residence in this state before the filing of the complaint, to which the plaintiff filed an objection and amended her complaint by substituting for the allegation of one year's residence the allegation that "[t]he plaintiff and/or the defendant have established a residence in the state of Connecticut, and/or have resided continuously in this state one year next before the date of this complaint, and/or are domiciliaries of the state of Connecticut." The court overruled the defendant's plea in abatement without ruling on the demurrer and made no finding as to the domicil of either party or whether either party had resided in Connecticut for one year prior to the date of the complaint, holding that on the date the plaintiff commenced the action she had "established a residence" for the purposes of allowing the filing of the complaint and of granting pendente lite relief. The court also ordered the defendant to pay alimony and support pendente lite. The defendant has appealed from the court's action in making those awards.

General Statutes § 46-35 permits the granting of temporary support and alimony pendente lite after either party to a marriage has established "residence" in this state and has filed a complaint seeking dissolution of the marriage. The defendant claims that the word "residence" in that portion of the statute must be construed to mean "domicil."

Section 46-35 represents a substantial change from former § 46-15, which provided for jurisdiction only when (1) the plaintiff had resided continuously in this state for one year next before the date of the complaint, or (2) the cause of divorce

arose after removal into this state, or (3) the defendant had continuously resided in this state for one year next before the date of the complaint and had been actually served, or (4) the plaintiff was domiciled in this state at the time of the marriage and before filing returned with intent to remain permanently.

The new statute, as amended, provides for jurisdiction for dissolution of marriage when (1) *either party* has been a resident of this state for at least the twelve months next preceding the date of the filing of the complaint; (2) *either party has been a resident for the twelve months next preceding the date of the decree;* (3) *one of the parties* was domiciled in this state at the time of the marriage and before the filing of the complaint returned intending to remain permanently; (4) the cause for dissolution arose after either party removed into this state. The second basis of jurisdiction is entirely new, and significant alterations have been made in the other bases. The new statute also contains a clause which was not present in its predecessor statute, providing that "nothing herein shall be construed to prevent the filing of a complaint at any time after either party has established residence in this state or the granting of temporary relief pursuant to such complaint in accordance with sections 46-42 and 46-50." It is those named sections which authorize the court to make awards of support and alimony pendente lite after the filing of a complaint.

It cannot be inferred that the legislature, in changing the permissible bases of jurisdiction for dissolution of marriage, intended to alter them in a manner which would subject the decrees of a

Connecticut court to denial of full faith and credit in another state. The requirement of domicil in an action for dissolution of marriage partakes both of personal and subject-matter jurisdiction; when the requirement is met by one of the parties, the state's nexus with the marriage is sufficient to entitle its judgment on the marriage to full faith and credit even without in-state service on the defendant.

In the prior statute, and in its predecessor (which required three years' continuous "residence" by the plaintiff before the date of the complaint),[1] "residence" was construed to require domicil plus substantially continuous physical residence in this state. *Morgan* v. *Morgan,* 103 Conn. 189, 130 A. 254; *Marshall* v. *Marshall,* 130 Conn. 655, 36 A.2d 743. This accords with the pronouncement of the United States Supreme Court in *Williams* v. *North Carolina,* 325 U.S. 226, 229, 65 S. Ct. 1092, 89 L. Ed. 1577, that "[u]nder our system of law, judicial power to grant a divorce—jurisdiction, strictly speaking—is founded on domicil. [Citations omitted.] . . . Domicil implies a nexus between person and place of such permanence as to control the creation of legal relations and responsibilities of the utmost significance."

For those reasons, the present statute must require, for a dissolution decree founded on the first or second of the enumerated bases, domicil plus substantially continuous residence in Connecticut by one of the parties for the twelve months next prior to *either* the filing of the complaint or the granting of the decree. Those connections between a person and the state are sufficient to entitle the decree to full faith and credit.

---

[1] General Statutes (Rev. 1949) § 7334 (Rev. 1958, § 46-15), as amended by Public Acts 1969, No. 18.

It does not necessarily follow, however, that awards of support and alimony pendente lite cannot be granted without being founded upon domicil. This court has recognized that the legislature, when it uses the term "residence," may or may not mean domicil. *Morgan* v. *Morgan,* supra, 193. We look to the purpose of the clause concerning temporary orders to ascertain the meaning of the word "residence" in this context. It is logical to infer that it is designed to deal with the problem raised by the addition of the new base of jurisdiction—one year's residence prior to the decree. Since jurisdiction to grant a decree on this basis cannot be determined until the date of the decree, the clause grants to the court jurisdiction to award temporary relief in advance of that determination. An order to pay money or child support is a judgment in personam, unless satisfaction is sought only from property attached within this state. *Smith* v. *Smith,* 150 Conn. 15, 18, 183 A.2d 848. Thus it requires that the court have personal jurisdiction over the defendant or order attachment of his property. *Carter* v. *Carter,* 147 Conn. 238, 159 A.2d 173. The awards of support and alimony pendente lite are akin to awards in an equitable action for support, which requires neither domicil nor residence of either party, so long as property of the defendant has been attached. *Artman* v. *Artman,* 111 Conn. 124, 149 A. 246. A money judgment of a court of one state which has both subject-matter and personal jurisdiction is entitled to full faith and credit in another state. *Morris* v. *Jones,* 329 U.S. 545, 67 S. Ct. 451, 91 L. Ed. 488, rehearing denied, 330 U.S. 854, 67 S. Ct. 858, 91 L. Ed. 1296.

In *Morgan* v. *Morgan,* supra, it was held (p. 197) that even where the Superior Court lacked juris-

diction to hear and determine an action of divorce, it nevertheless had jurisdiction "to make the orders for an allowance and for an additional allowance to defend," because of the state's interest in allowing the defendant wife to present her version of the facts. Applying the same rationale, it is noted that the state has an interest in the maintenance of the spouse and children during the pendency of an action for dissolution of marriage. *Christiano v. Christiano,* 131 Conn. 589, 595, 41 A.2d 779.

For the purposes of filing a complaint for dissolution of marriage or for the granting of alimony or support pendente lite, residence of one party, without a showing of domicil, is sufficient to give the court subject-matter jurisdiction under § 46-35.[2] In view of this holding, it is unnecessary to consider the claim of the defendant that the court erred in refusing to determine whether either party was domiciled in Connecticut before issuing orders pendente lite. There is no error in the court's conclusion that on the date the action commenced the plaintiff was a resident of this state. The court's conclusion is supported by the finding. The errors claimed by the defendant relative to the finding and draft finding all point to the issue of domicil and not residence, and are therefore immaterial.

The defendant claims that it was error for the court to permit an amendment to the complaint stating new grounds for the court's subject-matter jurisdiction, because the defendant had made a special appearance and the amendment was served

---

[2] Section 46-42 provides for temporary orders regarding custody of children. Custody is not at issue in the present case, and we make no intimations as to the personal or subject-matter jurisdictional requirements of that section in such matters.

upon his counsel rather than on the defendant personally. As this claim goes to the issue of jurisdiction, it is discussed.

"Jurisdiction is the power in a court to hear and determine the cause of action presented to it. Jurisdiction must exist in three particulars: the subject matter of the case, the parties, and the process." *Brown* v. *Cato,* 147 Conn. 418, 422, 162 A.2d 175; *McCoy* v. *Raucci,* 156 Conn. 115, 117, 239 A.2d 689. An extended discussion of the difference between the effect of consent on personal jurisdiction and its effect on subject-matter jurisdiction is found in *Samson* v. *Bergin,* 138 Conn. 306, 84 A.2d 273.

This court has frequently emphasized the doctrine that subject-matter jurisdiction must be determined whenever raised. "As we have repeatedly held, the question of subject-matter jurisdiction can be raised at any time; *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 528, 294 A.2d 633; *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711; and the lack thereof cannot be waived. *Potter* v. *Appleby,* 136 Conn. 641, 643, 73 A.2d 819; Maltbie, Conn. App. Proc. § 45." *Connecticut Steel Co.* v. *National Amusements, Inc.,* 166 Conn. 255, 262–63, 348 A.2d 658.

The device of the special appearance is commonly used by defendants who wish to contest either the subject-matter jurisdiction or the personal jurisdiction of the court. Analysis of the purpose of the stratagem, however, shows that it is not necessary for the defendant to appear specially in order to preserve his objection to the subject-matter jurisdiction. In *Chieppo* v. *Robert E. McMichael, Inc.,* 169 Conn. 646, 650, 363 A.2d 1085, where it was held that an appeal taken to the wrong

court conferred no jurisdiction on that court even to transfer the case, this court said: "That the plaintiff may have filed a general appearance in the Superior Court is of no moment. The defect is in the jurisdiction over the subject matter, not in the jurisdiction over either the person or the process, and, as such, it is a matter of law and can be neither waived nor conferred by consent." Thus it is clear that a general appearance, though it is effective to waive matters which go to the in personam jurisdiction of the court, such as in-state service or defects in the process; *Brown* v. *Allen,* 166 Conn. 174, 348 A.2d 666; *Johnson* v. *Zoning Board of Appeals,* 166 Conn. 102, 347 A.2d 53; cannot waive the subject-matter jurisdiction of the court.[3]

It follows that a defendant, upon whom proper personal service has been made within the state, cannot defeat the in personam jurisdiction of the court by making a special appearance. The special appearance is the device used by a person over whom the court has not yet acquired personal jurisdiction. Its use cannot take away jurisdiction already obtained by the court. Since the court had personal jurisdiction over the defendant in this case, the service of the amended complaint upon his attorney was effective as service on the party himself, as provided in § 80 (2) of the Practice Book.

The court below was correct in permitting the plaintiff to amend her complaint, adding alternative bases for the subject-matter jurisdiction of the court. Section 132 of the Practice Book allows a party to amend with leave of the court, which was

[3] Dicta to the contrary in *Baker* v. *Baker,* 166 Conn. 476, 485, 352 A.2d 277, and *Pavlick* v. *Meriden Trust & Safe Deposit Co.,* 139 Conn. 733, 737, 97 A.2d 265, is overruled.

here given. The court had jurisdiction of the action based on the plaintiff's residence in this state, even though the initial complaint alleged domicil. "It is the fact of jurisdiction, not the way in which it is made to appear, which is the vital thing." *Artman* v. *Artman,* 111 Conn. 124, 126, 149 A. 246.

The defendant also complains that the award of alimony and child support is excessive. The court ordered the defendant to furnish the wife and children with a car, and to pay the plaintiff $300 a week, all current bills at the apartment in New York and the house in Wilton, all medical and dental expenses for the wife and children, and tuition for the minor children.

The findings of fact show that the defendant is a lawyer and is employed as a private investor. In the 1960's, if his own evidence is credited, he spent $179,000 to purchase and furnish an apartment in New York, and the land and buildings that were purchased in Connecticut had a value of $250,000. In 1973, he was able to draw from all sources a cash flow of $97,000, although the 1973 tax return showed a $71,000 loss. The $97,000 came from a draw on capital in Cerberus Associates, in which the defendant has a partnership interest of 65 percent of profits. The defendant lost at least $250,000 in 1974 and can draw legally on Cerberus only to the extent of his capital account, and as of May, 1974, was no longer paid as there was not enough capital left. The plaintiff had funds in checking accounts of $2896, stock valued at $5000, and claimed liabilities of $10,934, and the defendant had a checking account balance of $6500. The total tuition for the three children at the New York schools was $6000 per year.

We have long stated that awards of alimony or of support on divorce or dissolution of marriage will not be disturbed on appeal unless there is a clear abuse of discretion. *Stoner* v. *Stoner,* 163 Conn. 345, 353, 307 A.2d 146. This is especially true in the context of awards pendente lite, which will terminate with the litigation. *Fitzgerald* v. *Fitzgerald,* 169 Conn. 147, 153, 362 A.2d 889. If dissolution is granted, the court granting the decree will make a new assessment of the factors on which a new award will be based. We find no abuse of discretion in the order of the trial court.

There is no error.

In this opinion the other judges concurred.