[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court are the following motions:
1. Motion for Summary Judgment filed by the defendant law firm requesting judgment since it claims that plaintiff's cause of action is time barred, and, therefore, it is entitled to judgment as a matter of law.
2. A Motion for Summary Judgment filed by the three individual defendant attorneys on the ground that since they were not named in the initial complaint the amended complaint states a new cause of action which is time barred.
3. The third motion is for a protective order.
The first motion for summary judgment is denied as the court finds there is an issue of material fact as to when the legal representation of the plaintiff by the defendants ended and when the action accrued.
The second motion for summary judgment is denied because the amended complaint relates back to the cause of action stated in the first complaint.
In addition to the above cited reasons for denial of motions one and two is the rule that summary judgment is "ill adapted to cases of a complex nature . . . which often need the full CT Page 4416 exploration of trial." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 375 (1969).
The third motion for protective order is denied.
FACTS
This action was brought by plaintiff Montanaro Brothers Builders, Inc. by writ, summons and complaint on June 23, 1986, against the defendant law firm, Goldman, Rosen and Willinger, as a professional corporation. The complaint was brought in two counts. Count one alleges negligent legal representation of the plaintiff Montanaro Brothers Builders, Inc., and count two alleges breach of contract to provide legal services to the plaintiff.
On November 15, 1989, the plaintiff moved to cite in three attorneys from the defendant law firm, Daniel Shepro, Allen Rosen, and Jerome Goldman, as additional parties in their individual capacities. The motion was granted on February 28, 1990.
The plaintiff filed its second amended complaint on April 19, 1990, alleging negligent representation and breach of contract to provide legal services to the plaintiff. Plaintiff's second amended complaint alleges the following facts.
The underlying litigation, which is the subject of this legal malpractice action, began with the defendant law firm's drafting an Option Agreement in 1977 for the purchase and sale of real estate in Easton, Connecticut. The proposed purchaser was the plaintiff, Montanaro Brothers Builders, Inc., and the proposed sellers were the Snow family, the owners of a farm in Easton, Connecticut. The purchase and sale of the farm was never consummated.
The buyer, plaintiff in the instant action, sued the sellers, the Snow family, for specific performance in 1978. The plaintiff alleges in paragraph 14 of count one that "Allen Rosen, Jerome Goldman and Daniel Shepro either directed or conducted the litigation and advised the plaintiff regarding the progress of the litigation."
In paragraphs 15 and 16 of count one the plaintiff alleges that the trial court concluded that the option agreement failed to satisfy the statute of frauds, and it was, therefore, null and void. The case was appealed to the Supreme Court. Montanaro Bros. v. Snow, 190 Conn. 481 (1983), held that the trial court did not err in concluding that the option agreement CT Page 4417 in question failed to satisfy Connecticut General Statute52-550, the Connecticut statute of frauds. Id. at 486. The matter was remanded to the trial court on the issue of the disposition of the down payment. The ruling was appealed by the Snow family to the Appellate Court in 1985.
The plaintiff alleges that at all times the defendants in the instant action, the law firm of Goldman, Rosen 
Willinger, P.C., and the three individual attorneys, Shepro, Rosen and Goldman, represented the plaintiff from the inception of its dealings with the Snow family.
The law firm and the three individual attorney defendants each filed answers and special defenses to the 1, plaintiff's second amended complaint on May 23, 1990. The special defenses of each party allege that the statute of limitations has run on both counts of the plaintiff's complaint and that the action is time barred. The three individual attorneys further allege that since they were not cited in the original complaint the plaintiff's second amended complaint states a new cause of action as to them, which is also time barred. All of the defendants raise the special defense of collateral estoppel, claiming that the issues were decided against the plaintiff in Montanaro v. Snow, 190 Conn. 481
(1983).
The plaintiff's response to the defendants' answers and special defenses were filed on June 14, 1990.
The defendant law firm and the three individual attorney defendants filed motions for summary judgment on May 29, 1990. Defendants' motions were supported by memoranda of law. The individual attorneys' motions were also supported by the affidavit of Daniel Shepro, copies of the underlying court decisions and portions of the deposition of Charles Montanaro, brother of Michael Montanaro, principal of the plaintiff Montanaro Brothers Builders, Inc.
The plaintiff's memorandum of law in opposition to the defendants' motion for summary judgment was filed on July 26, 1990 and was supported by the affidavit of Michael Montanaro, principal of Montanaro Brothers Builders, Inc. It was also supported by a copy of the trial court decision in Montanaro Bros. Builders, Inc. v. Snow, supra, and a portion of deposition testimony of Charles Montanaro. The individual defendants also moved for a protective order on June 22, 1990 and filed reply briefs on July 26, 1990.
The pleadings were not closed pursuant to Connecticut Practice Book 379 when the motion for summary judgment was CT Page 4418 filed. "Any party may move for a summary judgment, provided that the pleadings are closed as between the parties to that motion." Connecticut Practice Book 379 (rev'd. to 1978, as updated to October 1, 1989).
In Brookfield v. Candlewood Shores Estates, Inc.,201 Conn. 1 (1986), in which the pleadings were not closed when the plaintiff moved for summary judgment, the court said:
 There was in that sense a violation of the rule. We cannot, however, agree with the defendant that this required that the plaintiff's motion `should not have been considered or granted.' Without condoning any such violation, we point out that when the plaintiff's motion was filed, the court already had jurisdiction not only of the subject matter and the process but also of all the parties to this motion. See Telesco v. Telesco, 187 Conn. 715, 719-20, 447 A.2d 752 (1982); LaBow v. LaBow, 171 Conn. 433, 440, 370 A.2d 990 (1976). This procedural failure by the plaintiff did not, in any fashion, have the effect of terminating or ousting the jurisdiction of the trial court. At most, it made the trial court's action in granting the summary judgment technically erroneous, but that error was rendered harmless by later circumstances, including the filing of the answer to the counterclaim, the lack of actual prejudice to the defendant, and the presumed consideration by the trial court, required under the circumstances, of the closed pleadings in deciding the plaintiff's motion. (Citation omitted.)
Brookwood v. Candlewood Shores Estates, Inc., 201 Conn. at 4. But see Town of Windsor v. Macri, 4 Conn. App. 460, 461 (1985). (Court found error where the trial court granted the summary judgment before the pleadings were closed.)
Because the plaintiff's reply to the defendants' special defenses was filed prior to the hearing of the motion for summary judgment at short calendar, and because the defendants were not prejudiced thereby, the court may address the merits of the motion for summary judgment.
DISCUSSION CT Page 4419
Summary judgment may be granted only in actions in which the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book 384 (rev'd. to 1978, as updated to October 1, 1989); Nolan v. Borkowski, 206 Conn. 495, 500 (1988). "A `material fact' has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citation omitted.) Catz v. Rubenstein, 201 Conn. 39, 48
(1986). "[T]he burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant, and he is given the benefit of all favorable inferences that can be drawn." (Citation omitted.) Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516 (1978).
The plaintiff argues in opposition to the motions for summary judgment that defendant professional corporation, and the three individual principles of the corporation, also defendants, were negligent in negotiating and drafting an Option Agreement for the purchase of farm land in Easton, Connecticut in 1977, and in continuing litigation pursuant to the execution of the agreement. The plaintiff further argues that the defendant law firm and the three defendant attorneys in the firm breached an express and implied contract to provide appropriate legal services to the plaintiff.
The defendants argue in support of the motions that the statute of limitations has run on both counts of plaintiff's complaint and the action, thus, is time barred. The defendants further argue that the plaintiff is collaterally estopped from alleging its claims because the claims were decided against the plaintiff in the supreme court case of Montanaro Bros. v. Snow,190 Conn. 481 (1983). The defendants further argue that the plaintiff has not suffered any damages in any case. In addition, in the individual attorneys' motion, they argue that since they were not cited in the original complaint, the second amended complaint states a new cause of action which is time barred.
 I.
The defendants have pleaded the special defense of the statute of limitations, arguing that summary judgment is appropriate because their representation on the option agreement ended in 1978. The defendants argue that the alleged negligent representation was limited to representation relating to the Option Agreement and that such representation ended either at the signing of the Option Agreement in 1977 or when the purchase and sale failed to close in 1978. Defendants further argue that nothing which occurred subsequent to the expiration of the CT Page 4420 Option Agreement acted to forestall the running of the statute.
 Generally, the relationship of attorney and client, and the rights, powers, and obligations resulting therefore, ordinarily continue until there has been a complete and final accomplishment, fulfillment, or end of the particular object, suit, or business for which the attorney has been employed, unless the relation has been sooner terminated, as by act of the parties . . . or by operation of law, as in the case of death or disability of attorney or client. . . .
7A C.J.S. Termination of Relation and Change or Substitution of Attorneys 218 (1980).
 Where the complaint alleges legal malpractice based on negligence, the tort statute of limitations applies. (Citation omitted.) . . . Where the plaintiff alleges that the defendant negligently performed legal services and failed to use due diligence, the complaint sounds in negligence, even though he also alleges that he retained him or engaged his services. (Citation omitted.) . . . In order to toll the statute of limitations by reason of continuing tortious conduct, the plaintiff must allege in his complaint or present facts which reasonably support an inference of a continuing breach of duty by the defendant. (Citation omitted.)
Schuster v. Buckley, 5 Conn. App. 473, 477-78 (1985).
 To support a finding of a `continuing course of conduct' that may toll the statute of limitations, there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong.
Fichera v. Mine Hill Corporation, 207 Conn. 204, 209 (1988).
 While the statute of limitations normally begins to run immediately upon the accrual CT Page 4421 of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successful}y maintained an action. That is, an action cannot be maintained until a right of action is complete and, hence, the statute of limitations cannot run before that time, (Citation omitted.)
Gaylord Hospital v. Massaro, 5 Conn. App. 465, 467 (1985).
The court finds that the plaintiff has alleged facts in the second amended complaint, count one, paragraphs six through twenty-two which "reasonably support an inference of a continuing breach of duty by the defendant." The plaintiff has alleged that the representation began in 1977 with the negotiating and drafting of the Option Agreement, continued through the ensuing litigation, and ended in 1985 at the conclusion of the Appellate Court appeal.
Since there is a question of fact as to when the legal representation of the plaintiff ended and when its cause of action accrued, the defendant law firm's motion for summary judgment should be denied.
 II.
The defendant individual attorneys argue that summary judgment should be granted in that the second amended complaint states a new cause of action against them which is barred by the statute of limitations.
The original complaint dated June 6, 1986, alleges in count one, paragraph one, that "the defendant was and still is a law firm employing duly licensed attorneys, . . . ." and in paragraph ten alleges that litigation based on the underlying lawsuit began in 1978 and continues to the present. The plaintiff alleges in paragraph seventeen that the defendant's [law firm] negligence resulted in damages to the plaintiff.
Count two of the original complaint (June 6, 1986) incorporates count one and alleges an express or implied contract to render legal services "to afford the plaintiff the opportunity to exercise said Option Agreement."
The second amended compliant, dated April 18, 1990, alleges in count one, paragraphs 1 — 5, that the three named individuals, Jerome Goldman, Allen Rosen and Daniel Shepro, are CT Page 4422 attorneys and conduct business under the trade name of Goldman, Rosen and Willinger, P.C. The plaintiff further alleges, as he did in the first complaint, that litigation based on the underlying lawsuit began in 1978 and continues to the present. Count two of the amended complaint tracks the language of count two of the first complaint.
 A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. Giglio v. Connecticut Light Power Co., 180 Conn. 230, 239 (1980), citing Gallo v. G. Fox Co., 148 Conn. 327, 330 (1961). It is proper to amplify or expand what has already been alleged in support of a cause action, provided the identity of the cause of action remains substantially the same. Id. (Emphasis in original.)
Baker v. SNET, 4 CSCR 347, 348 (March 31, 1989, Mack, J.)
 A party may amend a complaint to amplify expand a cause of action and the amendment will relate back to the bringing of the original action and no statute of limitations problem will arise. Where, however, the amendment alleges a new cause of action, it will speak as of the date of its filing. (Citation omitted.)
Bokanoski v. Solomon, 4 CSCR 752 (September 6, 1989, Purtill, J.).
It is found that there is no new cause of action where, as here, individual attorneys, employed by the defendant law firm, are added to the second amended complaint.
It is further found that paragraphs one, two and three of count one of plaintiff's amended complaint, naming individual attorneys Goldman, Rosen and Shepro, of the defendant firm Goldman, Rosen and Willinger, P.C., relate back to the original complaint's cause of action. It is further found that the same issues of material fact raised in the first part of this memorandum are also outstanding as to the individual attorneys' motion for summary judgment. Accordingly, it is found that the motion of the individual attorneys should also be denied.
The court finds that the individual attorneys' motion for a protective order should be and is denied. CT Page 4423
WILLIAM McGRATH, JUDGE