[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS (NO. 104)
On February 1, 1991, plaintiff issued a complaint CT Page 2048 returnable to this Judicial District for February 26, 1991, seeking a dissolution of marriage and other equitable relief. The defendant's attorney filed a general appearance on May 6, 1991, followed by this motion to dismiss dated May 23, 1991, but filed June 26, 1991, claiming lack of subject matter jurisdiction.
Subject matter jurisdiction may be raised at any time. Practice Book, Sec. 145.
The defendant claims that neither party at the time of institution of suit nor presently was or is a resident or domiciliary of this State, but rather they are both residents of and domiciled in Tennessee.
Connecticut General Statutes, Sec. 46b-44 governs these questions. The relevant paragraphs are as follows:
 "Sec. 46b-44. Residency requirement. (a) A complaint for dissolution of a marriage or for legal separation may be filed at any time after either party has established residence in this state.
 (c) Decree dissolving a marriage or granting a legal separation may be entered if: (1) One of the parties to the marriage has been a resident of this state for at least the twelve months next preceding the date of the filing of the complaint or next preceding the date of the decree; or (2) one of the parties was domiciled in this state at the time of the marriage and returned to this state with the intention of permanently remaining before the filing of the complaint; or (3) the cause for the dissolution of the marriage arose after either party moved into this state."
The testimony and evidence produced at the hearing on this motion supports by a fair preponderance of the evidence the defense's contention. CT Page 2049
The parties were married December 17, 1966 in Wisconsin. In 1974, defendant's employer moved the parties to Cookeville, Tennessee where the parties purchased and still own their marital home. Looking to the future, in 1986 the parties purchased a retirement home in Crossville, Tennessee.
The plaintiff is a schoolteacher in Tennessee and was on a nine month leave from her position when she began this action.
Under date of November 16, 1989, Trident, Inc. of Brookfield, Connecticut, owned by Johnson Worldwide Associates, Inc. (Johnson Wax) which also owned Porelon, Inc. in Tennessee where defendant was employed, offered defendant a permanent position. (Defendant's Exhibit 1.) Defendant by letter dated December 16, 1989 rejected permanent employment accepting only a temporary position for 18 months to 2 years on loan from Porelan. (Defendant's Exhibit 2.) He was so assigned subject to returning to another assignment, once the particular job was completed not later than December, 1991, by the parent corporation, Johnson Worldwide associates, Inc. (Plaintiff's Exhibit A.)
Defendant came to Connecticut staying first in Southbury, then in a rented private home in Brookfield. All expenses were paid by Porelon including utilities until June, 1991 when the lease ended as the owners wished only to rent for the winter. In the meantime, this action was begun and defendant moved himself from the Brookfield house. Defendant, after completing his Trident assignment, returned to Tennessee in September, 1991. He resides in the retirement home and continues to work in Tennessee.
Plaintiff came to Connecticut for short periods of time between December, 1989 and June, 1991. She was here one week in December, 1989 and school Spring recess in 1990. In April, 1990 she took a nine month leave of absence from her teaching position, returned to Tennessee in July, 1990, came to Connecticut after Thanksgiving, 1990, returned to Tennessee for Christmas, 1990, came back to Connecticut in January, 1991, began suit in February, 1991 and returned to Tennessee in the Summer of 1991. She is still residing in the marital home and teaching in Tennessee.
Neither party has any assets in this state. All their assets, real and personal, are in Tennessee. The children were raised in Tennessee. The parties never filed tax returns in Connecticut, never obtained Connecticut drivers' licenses, and filed all federal tax returns listing CT Page 2050 Cookeville, Tennessee as their residence.
The parties never intended to make Connecticut their residence or domicile and did not. They clearly do not come within section 46b-44. The plaintiff was neither a resident twelve months prior to the filing of this action nor can she possibly be a continuous resident for twelve months preceding the date of the decree. The defendant was temporally here but no longer is here and was not a resident at the time of suit. Neither party was ever domiciled here. They are residents and domiciliaries of Tennessee which is the appropriate forum for this action, not Connecticut. LaBow v. LaBow, (1976)171 Conn. 433, 436, 437.
The most convenient forum for these parties, as well as that legally correct, is Tennessee. The motion to dismiss is granted.
PATRICIA A. GEEN, JUDGE