[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding was brought in two counts. The first alleges a breach of contract and the second a violation of the Unfair Insurance Practices Act. The writ bears the return date of June 18, 1991, and was returned to the court on June 17, 1991. The defendant has filed a motion to dismiss the action under Sec. 52-46a of the General Statutes which provides in civil actions returnable to the Superior Court that process shall be returned "to the clerk of such court at least six days before the return day."
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Ziska v. Water Pollution Control Authority, 195 Conn. 682, 687. "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book, Sec. 142. Any claim of lack of personal jurisdiction "is considered to have been waived unless asserted within thirty days after the filing of an appearance." Civil Service Commission v. Pekrul, 41 Conn. Sup. 302, 305, 571 A.2d 715 (1989, Barnett, J.), aff'd 221 Conn. 14 (per curiam). However, "a challenge to the jurisdiction of a court to render a judgment may be raised at any time, because the lack of subject matter jurisdiction cannot be waived." DiBerardino v. DiBerardino,213 Conn. 373, 377; LaBow v. LaBow, 171 Conn. 433, 440.
The defendant filed its appearance on June 20, 1991. Its motion to dismiss was filed on March 27, 1992, more than 240 days after it appeared in the action. Nevertheless, it argues that the claimed fatal flaw is a subject matter jurisdictional defect because of the failure to return process in a timely fashion. The plaintiff responds that Sec. 52-46a addresses personal jurisdiction only, and as a CT Page 5197 result the defendant has waived its objection by failing to file its motion within the thirty day time limitation prescribed in Sec. 142 of the Practice Book.
Sec. 52-46a "is mandatory and failure to comply with its requirements . . . renders the proceeding voidable and subject to abatement." Rogozinski v. American Food Service Equipment Corporation, 211 Conn. 431, 433. The use of the word "voidable" implies to this court that an objection to jurisdiction under the applicable statute is waived if not timely filed. By necessity, then Sec. 52-46a must affect only jurisdiction over the person since "personal jurisdiction may be created through consent or waiver." United States Trust Co. v. Bohart, 197 Conn. 34, 39. If the failure to return process to the court in a timely manner implicated the court's subject matter jurisdiction, which cannot be waived, see DiBerardino v. DiBerardino, supra, then the proceedings of necessity would be void, rather than merely voidable.
The court finds that defect hardly rises to the level of subject matter jurisdiction, and therefore was not attacked in a timely fashion in accordance with Sec. 142 of the Practice Act. The motion to dismiss is denied.
MORAGHAN, JUDGE