[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has filed a Motion to Dismiss alleging that the Court lacks both subject matter CT Page 1333 jurisdiction and personal jurisdiction.
On May 15, 1992, the wife came to Connecticut with her children. The parties were married in Nebraska.
The husband was served in Connecticut on June 13, 1993. He alleges that he was fraudulently induced to come to Connecticut.
Residence alone provides subject matter jurisdiction for the filing of the dissolution complaint. LaBow v. LaBow, 171 Conn. 433 (1976). See also Sauter v. Sauter, 4 Conn. App. 581 (1984). The evidence shows the pleadings allege that the wife lives in Connecticut, receives her mail here and intends to continue her residence here. Thus, she has satisfied the Court that Connecticut is, in fact, her residence.
In general, personal jurisdiction over the other party is not necessary for actions involving the marriage itself. (the marriage residence) LaBow, supra. See also Family Practice Book 16.2, which recites that domicile of at least one part for the twelve month period preceding the actual issuance of a dissolution decree is necessary.
Issues over property distribution, real and personal, require personal jurisdiction for property not in the state. However, personal jurisdiction over both parties is necessary for decisions regarding property dissolution. However, resolution of the issues viz a viz distribution of property is not required to be made until the final decree. The Court, therefore, can maintain this action for dissolution despite the added claims, i.e. property distribution.
The motion is denied.
Mihalakos, J.