[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter appears before the court on defendant's motion to dismiss. Defendant claims that Connecticut is not the domicile of either party, the marital assets and marital contacts are in the State of Florida and Connecticut is a forum non-conveniens.
Factually, the Connecticut dissolution action was served upon the defendant on December 28, 1992. An appearance was filed on her behalf by Attorney Catherine Whelan on January 27, 1993. CT Page 5537
An amended complaint was filed alleging that the plaintiff has resided continuously in the State of Connecticut for one year and/or the cause of the dissolution arose while the parties were in the State of Connecticut.
On February 23, 1993, the defendant filed a motion to stay the proceeding, alleging, inter alia, that a dissolution petition had been filed in Florida on January 21, 1993, by the defendant. The file does not reflect any action taken by this court on the motion for stay.
On March 1, 1993, the defendant filed a motion to dismiss which is dated February 5, 1993. On March 11, 1993, an amended motion to dismiss was filed, alleging, inter alia, that the Connecticut court had no subject matter jurisdiction since the marriage no longer exists. Apparently, the Florida court had entered orders dissolving the marriage on March 3, 1993.
The motion to dismiss was heard over a period of three days. The defendant did not appear. The plaintiff did appear and testified at length.
The court can reasonably conclude from the evidence that the parties were married in New York, New York on June 8, 1987. He has always voted in Connecticut and has a 1992 Connecticut driver's license. Further, all his credit cards are billed to his Connecticut address. The bulk of the wife's assets are not located in Florida as alleged in the motion to dismiss. His dentist is in Connecticut and he has seen him six or seven times in the past year. At the time of the service of papers upon him, he was living at 535 Pequot Avenue, New London. All of his personal belongings are stored in Connecticut.
The evidence further shows that the plaintiff was in Florida from January 1992 to September 1992. Between September 1992 and January 1, 1993, he spent some time in Connecticut and in New York working on renovations to his wife's apartment in New York.
In January 1993, he did return to Florida and then came back to Connecticut. CT Page 5538
Based on the totality of the evidence and weighing all of the factors, the court concludes that Connecticut does have jurisdiction in this matter.
In LaBow v. LaBow, 171 Conn. 433, 437 (1976) our Supreme Court indicated that the term "residence" as used in our dissolution statutes has been construed by our courts to require domicile plus substantial physical residence in this state prior to the granting of a dissolution decree. Subsequent to LaBow (supra), the statute was changed, and in Sauter v. Sauter, 4 Conn. App. 581, 584 (1985), the court said that the amendment was merely a technical revision and was not intended to effect a change in the substance of the law. It concluded that LaBow was dispositive of the Sauter case and the trial court should not dismiss an action for absence of subject matter jurisdiction based on lack of domicile. It follows, therefore, that residence of one party, without a showing of domicile, is sufficient to give the court subject matter jurisdiction.
The court is aware that the better policy, where there is an action pending in another jurisdiction, is to either dismiss the action or to stay the action so as to prevent the same relief to be litigated in parallel with the other. The court is entitled, in the interest of judicial economy, to order a stay during the pendency of the first action.
It appears, however, that the Florida suit was instituted to forestall the suit in Connecticut.
Based on all of the evidence, the court finds it has jurisdiction and the motion to dismiss is denied.
Mihalakos, J.