[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Motion To Open And Modify Judgment, Post Judgment [137]
The marriage of the parties was dissolved by judgment of this court on March 13, 1998. On that day, the parties entered into a Separation Agreement dated March 13, 1998. The Agreement contained a custody and visitation provision regarding the parties minor son, Michael, d.o.b. November 17, 1995. At issue here is subparagraph "C" thereof.
The Separation Agreement provides in part:
"2. CUSTODY AND VISITATION:
 "A. Custody of the minor child, Michael Edward Johnson, shall be joint and the parents shall communicate and make major decisions in regard to his health, education, welfare and age-appropriate activities. CT Page 1574
 "B. The Plaintiff Mother shall be designated the primary caretaker and residential parent for the minor child.
 "C. The child's religious practice and Native American tribal affiliation/registration shall be the decision of the child when he reaches the appropriate age to make such decisions. It shall be by mutual agreement of the parties as to when the child reaches the appropriate age to make such decisions. Upon request of either parent (which shall not be more frequently than once per year), the other parent shall provide such documentation or certification as may reasonably be required to ensure compliance with this provision.
 "D. Each parent shall exert every effort to maintain free access and unhampered contact between the child and the other parent at the scheduled times, and to foster feelings of affection between the child and the other parent. Neither parent shall do anything which would injure the opinion of the child as to his mother or father or which would impair the natural development of the child's love and respect for each parent. Neither parent shall do anything which would injure the opinion of the child as to his Native American Heritage or to any religious beliefs and/or practices to which the child may be exposed with each parent."
Separation Agreement, March 13, 1998, pp. 2-3. [131]
On September 13, 1999, hardly 18 months after entering into the Separation Agreement and its approval by the court, the defendant-father has moved for permission to enroll the child, now just over age four, in the tribe in which the father is a member, the Mashantucket Pequot Tribal Nation. Motion To Open And Modify Judgment, Post Judgment, September 2, 1999. [137] The defendant has moved to modify the judgment in several respects including:
 "5. That the Defendant be permitted to enroll the minor child in the Mashantucket Pequot Tribal Nation so as to receive the numerous benefits from that affiliation/registration." Id., p. 2.
At the initial hearing on defendant's motion, it was claimed that the provision that the child decide whether to apply for CT Page 1575 tribal membership when he is old enough to make that decision is void as a matter of law. Likewise, if the provision is void, the jurisdiction and/or authority of this court to enforce the provision, if it is otherwise inclined to do so, was abrogated. The parties were directed to file briefs on these issues. Briefs have been filed.
Defendant claims that a tribe alone has the exclusive authority to determine tribal membership.
Defendant then states:
 "7. Given that the tribal governments determine membership, the question becomes could the parties have consented to jurisdiction. This side is clear that the parties cannot, by consent, confer such construction nor can they waive its requirements. LaBow v. LaBow, 171 Conn. 433, 370 A.2d 990
(1976)." Defendant's Brief, November 22, 1999, p. 2. [145.00]
The court frankly admits it does not understand defendant's argument or how the just quoted proposition advances defendant's position.
As a matter of law, a tribe alone can determine who may be a tribe member. And this court, even by agreement of the parties, cannot take or exercise jurisdiction over a matter which it does not have by statute or the like. The court agrees it does not have the authority/jurisdiction to determine whether a particular individual may become a member of a tribe.
The question here is not whether the child is eligible for tribal membership. His eligibility is for the tribe alone to decide. The court fails to see how allowing the child himself to decide if he should apply for tribal membership infringes on the exclusive authority and right of a tribe to decide who shall be a member. And, this court's upholding the validity of the provision, i.e., hold that the defendant cannot take steps to enroll him in his tribe now, does not interfere with the tribe's exclusive right to determine who may be a member.
The court has reviewed each of the authorities defendant has mentioned. None warrants any discussion here. None even tends to support defendant's argument that the provision in question is void as a matter of law and precludes this court from deciding defendant's Motion To Open And Modify Judgment, Post Judgment, CT Page 1576 September 2, 1999, on its merits. [137]
Parker, J.