[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: MOTION TO DISMISS
The defendant wife has moved to dismiss the plaintiffs complaint for want of personal jurisdiction over her, because the court's exercise of jurisdiction would deprive her of due process, and because she asserts that the court should not make decisions concering alimony and child support. Although the court lacks in personam jurisdiction over the defendant, it does have jurisdiction to dissolve the marriage. Accordingly, the motion is denied.
The plaintiff, who has resided in Connecticut for two years, alleges that the marriage has broken down irretrievably and that there are three minor children issue of the marriage. He also alleges that a New York court has already made orders in favor of the defendant for custody, child support, and alimony. He seeks no relief other than a dissolution of the marriage. The defendant has no contacts with Connecticut, but has actual notice of these proceedings. CT Page 6530
A motion to dismiss is the proper method of raising the want of personal or subject matter jurisdiction in a family matter. LaBow v.LaBow, 171 Conn. 433, 436-37 (1976). The court has jurisdiction to grant a decree dissolving a marriage where one of the parties has been a resident of this state for one year prior to the filing of the complaint.Connecticut General Statutes, § 46b-44 (c). Because any state where the parties to a marriage may be domiciled has an interest in their marital status, a state has the power to exercise judicial jurisdiction to dissolve the marriage even if only one of the spouses resides in that state. Restatement (Second), Conflict of Laws, § 71 and § 71, Comment (a).
The fact that the court has jurisdiction to dissolve the marriage, however, does not mean that it has jurisdiction to entertain or make orders for alimony, child support, custody, or property. The court cannot exercise personal jurisdiction over a non-resident party concerning temporary or permanent alimony and child support unless that party has received actual notice of the complaint and the party requesting alimony meets the residency requirements of § 46b-44 of the General Statutes. The defendant has received actual notice of the pendency of this action. However, it appears that she will be the party requesting temporary and permanent alimony because she has already sought and received orders for alimony and child support in another court. Accordingly, she does not meet the residency requirements of § 46b-44 of the General Statutes, and the court does not have personal jurisdiction over her for those purposes.
The plaintiff is bound by his complaint and this decision, and cannot receive alimony, custody, child support, or property in this action. His relief is limited to a dissolution of the marriage. The defendant may chose to litigate the issues concerning support, alimony, and property in Connecticut, and if she does so the court will have in personam jurisdiction over her. She is not required to do so, however, and if she does not, any order this court may make concerning alimony, property, custody, or child support affecting the defendant will not be entitled to full faith and credit in any other state. Vanderbilt v. Vanderbilt,354 U.S. 416, 418-19, 77 S.Ct. 1360, 1 L.Ed. 1456 (1957).
BY THE COURT,
GRUENDEL, J.