[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE. OBJECTION TO MOTION TO INTERVENE
The named parties, parents of the minor child Jordyn L. Bronson, who was born on July 1, 1997, were divorced on June 20, 2000. On May 24, 2001, Susan Maloney, the child's great aunt, and Joel Pringal, her long-time domestic partner, ("Intervenors") filed a motion to intervene, CT Page 7432 seeking visitation with the child. On March 28, 2002, the Intervenors filed an amended motion to intervene pursuant to an order dated March 11, 2002 by this court (Hon. Stephen Frazzini) permitting them to file an amended pleading to comply with the requirements of Roth v. Weston,259 Conn. 202 (2002) and Crockett v. Pastore, 259 Conn. 240 (2002). In making that order, the court vacated its previous order of October 10, 2001 denying the motion to intervene. The plaintiff objected to the Intervenors' motion for visitation by written pleading on April 25, 2002, and the defendant joined in that objection by oral motion by her new counsel made at the time the plaintiffs objection was scheduled for argument.
This court holds that the named parties cannot challenge the attempted intervention except through a Motion to Dismiss filed pursuant to Section 25-12 et. seq. of the Connecticut Practice Book. A Motion to Dismiss is required when a party wishes to contest subject matter jurisdiction. Connecticut Practice Book, Section 25-13; LaBow v. LaBow, 171 Conn. 433,436-37 (1976). In this case, subject matter jurisdiction is implicated.
The courts of this state do not have subject-matter jurisdiction to adjudicate a claim for visitation with a minor child by persons other than that child's parents unless the person seeking such visitation include in their petition "specific, good faith allegations that the petitioner has a relationship with the child that is similar in nature to a perent-child relationship. The petition must also contain specific, good faith allegations that denial of the visitation will cause real and significant harm to the child. . . . analogous to the kind of harm contemplated by Sections 46b-120 and 46b-129, namely that the child is `neglected, uncared for, or dependent.'" Roth v. Weston, 259 Conn. 202,234-35 (2002).
While an evidentiary hearing may be held on any motion to dismiss which is filed, however, the court cannot permit that hearing to become a custody hearing in disguise. The Intervenors must establish their right to intervene before the court can begin to determine the result of that intervention if it is permitted. The parents are not required to disprove the Intervenors' allegations. Crockett v. Pastore, 259 Conn. 240, 249
(2002).
The named parties shall file a Motion to Dismiss within thirty days or be deemed to have waived their right to do so.
BY THE COURT,
GRUENDEL, J. CT Page 7433