Gold v. Gold.

---

MINNIE B. GOLD *vs.* JULIUS GOLD ET AL., EXECUTORS.

First Judicial District, Hartford, March Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and BANKS, Js.

Intention, with respect to a change of domicil, is a question of fact, and, when found, should be set forth as such in the finding, and not among the conclusions reached by the court.

The evidence in the present case reviewed, and *held* to have warranted the conclusion of the trial court that the testator voluntarily changed his domicil from Hartford to Denver, Colorado, and was domiciled there at the date of his death.

The essentials to a change of domicil are an intent to abandon the old one, and an intention to acquire a new one in another place, accompanied by an actual residence therein.

The refusal of the trial court to correct a finding on conflicting evidence, and in immaterial particulars, should not be assigned as error.

Conclusions logically or reasonably drawn from the subordinate facts are legally drawn.

Rulings upon evidence will not be held erroneous in the absence of a statement in the finding showing what the evidence was and how it became relevant and material in the case.

Argued March 5th—decided March 31st, 1924.

APPEAL by the plaintiff from an order and decree of the Court of Probate for the district of Hartford, approving and admitting to probate a certain written instrument as the last will of Joseph H. Gold formerly of Hartford, deceased, taken to and tried by the Superior Court in Hartford County, *Marvin, J.;* facts found and judgment rendered for the plaintiff setting aside said decree upon the ground that the decedent's domicil was in Colorado at the time of his death, and consequently the local Court of Probate had no original jurisdiction of the probate of his will,—from which the defendant executors appealed. *No error.*

*John J. Dwyer* and *Max Adelson,* for the appellants (defendants).

*Charles W. Cramer* and *Ufa E. Guthrie,* for the appellee (plaintiff).

WHEELER, C. J. The Superior Court held that the Court of Probate for the district of Hartford had no original jurisdiction of the probate of the will of Joseph H. Gold, the decedent, for the reason that he was domiciled at the time of his death in Denver, Colorado. The essential facts found from which the trial court drew this conclusion were these: Mr. Gold was a naturalized citizen of Connecticut and resided and was domiciled in Hartford, owning his home and actively engaged there in business and possessed of considerable real estate. In 1917 his health failed. In October, 1918, just before leaving Hartford for Denver, Colorado, he sold his home and household belongings and all of his

business interests, retaining in Hartford a bedroom-set and his large real-estate investments. Thereafter he never had a home or business in Hartford. His sole reason for leaving Hartford was for the benefit of his health, and he left intending to return as soon as his health would permit. His wife and children accompanied him to Denver, and in five or six weeks after reaching there he bought a bungalow in which he and his family resided for about three years. In 1920 he registered as a voter in Denver, and expressed himself to disinterested witnesses as being "a full fledged Coloradoan." The law of Colorado required that one made a voter should have resided in that State for twelve months immediately preceding the election at which he voted. Early in the year 1922, Mr. Gold went to California to improve his health, accompanied by his wife and two children, and selling before he left his bungalow and most of his household effects. After remaining in California about a month, his health not improving, they returned to Denver where in a month he purchased a more expensive house than he had formerly owned and furnished it handsomely. In September, 1919, Mr. Gold executed a warranty deed and mortgage and again in March, 1922, he executed a mortgage, in each of which he was described as a resident of Hartford. In February, 1922, he executed a warranty deed in which he was described as a resident of Denver. He retained his membership in a synagogue, and in two benevolent societies in Hartford. He definitely formed the intention on his return from California to Denver to make Denver his permanent domicil.

The court reached the conclusion that the decedent "voluntarily changed his domicil from Hartford, Connecticut, to Denver, Colorado, and was domiciled at the latter place at the date of his death."

The errors based upon the corrections of the finding,

except in one particular, concern facts found upon conflicting evidence, or are immaterial, and should not have been assigned as errors. The facts detailed in paragraph twenty-five of the draft-finding should have been found substantially as therein stated. The report of the Bureau of Vital Statistics of Colorado stating the residence of Mr. Gold as of Hartford, was admitted for all purposes, and the finding is corrected to include these facts. The appellants mistakenly assumed that the finding of the intention of Mr. Gold to change his place of domicil, was a conclusion of the court because placed among the conclusions reached. It was wrongly placed among the conclusions and was a most vital finding of fact. Intention is a fact. *Vivian's Appeal*, 74 Conn. 257, 50 Atl. 797; *Finlay* v. *Swirsky*, 98 Conn. 666, 671, 120 Atl. 561; *McDermott* v. *McDermott*, 97 Conn. 31, 34, 115 Atl. 638.

We have left, the question whether the conclusion as to the domicil of Mr. Gold may be legally drawn from the subordinate facts as found in the corrected finding. That depends upon whether the conclusion was logically or reasonably drawn. *Hayward* v. *Plant*, 98 Conn. 374, 379, 119 Atl. 341; *Todd* v. *Bradley*, 99 Conn. 307, 313, 314, 122 Atl. 68; *Hartford-Connecticut Trust Co.* v. *Cambell*, 97 Conn. 251, 116 Atl. 186. The essentials upon which the conclusion of a change of domicil must rest, are an intention to abandon the old domicil and to acquire a new one in another place where a residence has been established. *Roxbury* v. *Bridgewater*, 85 Conn. 196, 82 Atl. 193; *Hoskins* v. *Matthews*, 57 Eng. Ch. 12.

The subordinate facts fully support the court's conclusion that Mr. Gold had changed his domicil. The abandonment of his residence in Hartford, the selling out of all his business interests there except his investment holdings, the taking of his family to the

Gold *v.* Gold.

other place, the purchase of one home there and later of another, and being made a voter under a law requiring a twelve months' domicil preceding the election, and then declaring himself a Coloradoan, support the finding of an intention to abandon his old domicil and acquire a new one, and make it impossible to hold that the conclusion that he had in fact changed his domicil was either so illogical or unreasonable as to be erroneous as matter of law.

The rulings on evidence will require but brief consideration. Whether the telegram from Mrs. Gold contradicted her testimony as to her residence cannot be known, since the contents of the telegram are not contained in the statement of this ruling; but whatever the contents, an attack upon the credibility of this witness, if successful, would not give ground for reversible error in the circumstances of this record. The ruling excluding the telegram from Mr. Gold as to the sale of property, offered to impeach the credibility of Mrs. Gold's testimony, would fall within our ruling as to the telegram from Mrs. Gold, had it been offered for that purpose; on the record it was offered merely for purposes of identification. The offer of the declaration of Mr. Gold as to his wife cannot be considered, since the record of this ruling gives us no opportunity to know what the declaration related to.

There is no error.

In this opinion the other judges concurred.