HELENA SANFORD, EXECUTRIX (ESTATE WILLIAM BURTON SANFORD), APPEAL FROM TAX COMMISSIONER

SUPERIOR COURT     WINDHAM COUNTY     FILE No. 8630

Memorandum filed November 27, 1946.

*T. Holmes Bracken,* of New Haven, for the Plaintiff.

*William L. Hadden,* Attorney General, and *Frank W. Flood,* Assistant Attorney General, for the Defendant.

ALCORN, J. This is an appeal from the action of the state tax commissioner in assessing an estate penalty tax upon certain bonds owned by a deceased person under §§ 1402 to 1409 of the General Statutes. The parties are agreed that a decisive issue upon the appeal is whether the deceased was domiciled in Florida or Connecticut until September, 1944. While the com-plaint speaks of residence the case was tried upon the assump-tion that the question involved is one of domicil.

The deceased was a Presbyterian minister. Until 1923 or 1924 he held parishes in Iowa whence he moved to a parish in Lansdowne, Pennsylvania. In this latter place he lived in a

house supplied by his church until his retirement from the ministry in 1934, at the age of sixty-five. While in Lansdowne he voted and paid his federal income tax in Pennsylvania. During his pastorate there he purchased a farm in Windham Center, Windham County, Connecticut, by warranty deed dated April 30, 1926, which recites his residence as Lansdowne. From 1926 to 1934 he spent a month or two each summer at his Connecticut farm, gradually restoring the house.

Upon his retirement from the ministry in 1934 he moved to the Windham property and lived there during the winter of 1934-35. In the winter of 1935-36 he went to Florida and occupied rented quarters. The following season he returned to Florida and, with his wife, purchased a home in Melbourne Beach by deed dated December 22, 1937. Thereafter he spent about half of each year in Florida and the other half in Connecticut until his death at Melbourne Beach, Florida, on December 27, 1944. Both his Florida home and his Connecticut home were fully furnished.

In 1939 he registered as a voter in Florida and voted there from 1940 until his death. There is no evidence that he ever voted in Connecticut. From 1939 to 1944 he paid his federal income tax in Florida, giving his address upon his returns as Melbourne Beach. From 1939 or 1940 until September, 1944, he held elective public office in Melbourne Beach, Florida, and also applied for and received a homestead tax exemption there. He signed and made oath to an application for this exemption dated February 26, 1940, which stated, "I reside on the above property and in good faith make the same my permanent home and do hereby declare that I am a bona fide citizen of the State of Florida. The statements contained and agreed to herein are true and made in good faith."

For his convenience he maintained bank accounts and safe deposit boxes in Willimantic and in Florida, as well as an automobile in each state. From 1939 to 1944 he treated Florida as his permanent home and the Windham house as a summer home.

In 1944 he contemplated changing his residence to Connecticut and consulted counsel as to the proper steps. As a result he wrote a resignation of his public office in Melbourne Beach, Florida, on September 4, 1944, stating as a reason therefor his purpose to establish his residence in Connecticut. At the same

time he asked to have his name and that of his wife removed from the voting list there. Previously, on April 3, 1944, he had executed a will in Melbourne Beach in which he recited his residence as Windham, Connecticut.

After his death on December 27, 1944, the bonds upon which the penalty tax was assessed were inventoried as a part of his estate. It is conceded that they were never declared for taxation in any town or city in Connecticut nor was any tax paid to the state of Connecticut on them. The deceased did, however, pay a tax on these bonds in Florida during the years 1941 to 1944 inclusive. The last completed taxing period in Windham prior to decedent's death was October 1, 1943, to May 31, 1944.

The situs of these bonds for taxation was the domicil of the owner. *Lockwood* v. *Blodgett*, 106 Conn. 525. Consequently, if the deceased was domiciled in Florida there was no occasion for him to return the bonds for taxation in Connecticut. "Domicil, as we have pointed out, consists of two features, an actual residence in a place accompanied by the intention to make that the ordinary dwelling-place, that is, the home, of the person." *Foss* v. *Foss*, 105 Conn. 502, 508. In determining domicil, intent is the controlling factor. *Washington* v. *Warren*, 123 Conn. 268, 272. This is a question of fact for the court to determine. *Gold* v. *Gold*, 100 Conn. 607; *Beach* v. *First National Bank*, 107 Conn. 1, 6.

The evidence abundantly satisfies me that the domicil of this deceased was in the state of Florida from 1939 until September 4, 1944.

Judgment may enter sustaining the appeal, finding that no penalty tax is due from the estate of this decedent, and directing the tax commissioner to correct his computation accordingly.

No costs are to be taxed upon this appeal.