[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THE DEFENDANT'S MOTION TO DISMISS (#120)
CT Page 561
The defendant has moved to dismiss the plaintiff's claims for relief as to alimony and child support alleging the court lacks in personam jurisdiction over the defendant.
The plaintiff, a citizen of the U.S.A., and the defendant, as a citizen of the U.K., married in London, England on April 19, 1977. In 1981 the parties moved to a home they purchased as tenants in common (Plaintiff's Exhibit #2) located in Greenwich, Connecticut. This home served as the family's principal residence until 1990. The defendant acquired U.S.A. resident alien status during this time.
The defendant has been employed by Joseph E. Seagram Sons, Inc. since prior to 1981. In 1989 he was reassigned to Portugal for a three year stint as general manager. The family moved to Portugal in 1990. All antiques and other items of value were moved from the Greenwich home to Portugal. The plaintiff and the defendant lived in an apartment in Porto, Portugal for two years until August 1992 when the parties separated and the defendant moved from the apartment. The parties have lived apart ever since. The plaintiff moved back to the Greenwich home in June, 1994.
The defendant's U.S. Individual Income Tax Return Form 1040 for 1993 states he was physically present in Portugal for the entire year except for 3 days in October (Plaintiff's Exhibit #6). The defendant lists his home address on the return as Portugal. The copy in evidence is prepared as a married filing joint return but is not signed by the plaintiff.
The defendant continues to hold a valid Connecticut motor vehicle operator's license listing the Greenwich address (Plaintiff's Exhibit #5). He maintains a Citibank checking account listing his address in Greenwich (Plaintiff's Exhibit #13). He contracted with Convent of the Sacred Heart, a private school in Greenwich, enrolling the parties' child Maria Teresa for the current school year (Plaintiff's Exhibit #4). He has a small IRA account which lists his address as Greenwich (Plaintiff's Exhibit #8). The electric bill remains in his name (Plaintiff's Exhibit #9). A Guernsey, Channel Islands bank that exchanged U.S. dollars for U.K. pounds in October listed his address as Greenwich, Connecticut, U.S.A. (Plaintiff's Exhibit #12). An Aetna medical insurance reimbursement check was made to the defendant's order at his Greenwich address (Plaintiff's Exhibit #10). A Citibank "Money CT Page 562 Management Account" dated August 11, 1994 was addressed to the defendant's Portugal address (Defendant's Exhibit B). On May 24, 1993 the plaintiff gave written permission to the defendant's accountants to apply for a Portuguese taxpayer card for her (Defendant's Exhibit A).
In light of Burnham v. Superior Court of California, 495 U.S. 604,110 S.Ct. 2105 (1990) the defendant has chosen not to appear in person but rather to submit an affidavit. He asserts, in the affidavit, that he registered as a resident of Portugal with the British Consulate. The defendant has held a Portuguese resident card and a Portuguese alien card since 1992. He claims to have established domicile and residence in Portugal since his transfer.
There is nothing in the record to indicate that the defendant was to return to the U.S.A. after completing his assignment in Portugal for his employer. On the other hand, the plaintiff's actions since learning of the defendant's Portugal job assignment give no indication that the plaintiff intended to abandon her Connecticut domicile or intended to establish Portugal as her domicile.
The defendant asserts there is no in personam jurisdiction over mm unless all three elements of § 46b-46(b) C.G.S. are satisfied. The first requirement is satisfied for the defendant has actual notice of this proceeding. The second requirement of residency of the plaintiff has been established. The third condition requires that the plaintiff prove that the defendant, as well as the claimant, was domiciled in Connecticut just prior to or at the time of separation.
A party can have only one domicile at a time, Taylor v.Taylor, 168 Conn. 619. Once domicile is acquired in Connecticut it continues until another domicile has been established, Adame v.Adame, 154 Conn. 389.
The plaintiff cites Cleland v. Cleland, 6 CLT No. 27, p. 11, Hartford Superior Court (Hennessy, J.) for the proposition thatHodge v. Hodge, 179 Conn. 308 eliminated the domicile test by substituting a "minimum contacts" standard. The Cleland decision did not eliminate the domicile test for it found:
 "The court, under the case law of this jurisdiction, finds that a new domicile was not established and the criteria of Section 46b-46(b) have been met". CT Page 563
Only then did the court apply the test that the maintenance of the suit would not offend the traditional notions of fair play and substantial justice. Having found all the conditions of § 46b-46(b) satisfied, since the defendant was staying in Mexico, the minimum contacts test was applied as set forth in International Shoe Co.,326 U.S. 310, 90 L.Ed. 90. It is noted that the Hodge defendant did not submit to in personam jurisdiction, was not a resident of Connecticut, did not appear in the case and was not a domiciliary of Connecticut. He did own a parcel of real estate in this state. Did the Connecticut court have the jurisdiction to order the defendant's interest in the real estate awarded to the plaintiff as lump sum alimony? No in personam jurisdiction was found, nor was any claimed in Hodge. The minimum contacts test was applied inHodge to satisfy the quasi in rem order applied to the defendant's real estate, citing Shaffer v. Heitner, 433 U.S. 186,97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).
The Cleland decision did not reject the domicile test. In other words, Cleland stands for the proposition that both the 46b-46(b) tests and the minimum contacts test must be passed to exercise jurisdiction.
International Shoe Co. v. Washington, supra, concerned the State of Washington's efforts to collect unemployment compensation contributions from the appellant, a Delaware corporation, by service of notice of assessment. The appellant protested the levy, claiming to be a foreign corporation not doing business within Washington, having no agent for service within the state, and not included as an employer within the meaning of the statute. The case held that the appellant had carried on activities within the state that were "systematic and continuous . . . from which the appellant received the benefits and protection of the laws of the state . . . it is evident that these operations establish sufficient contacts or ties with the state . . . to permit the state to enforce the obligations which appellant has incurred there" (at p. 320).
Shaffer v. Heitner, 433 U.S. 186, 53 L.Ed.2d 683,97 S.Ct. 2569 applied the "certain minimum contacts" test to determine if the exercise of in personam jurisdiction did not offend "fair play and substantial justice" as proclaimed in International Shoe to actions that previously relied on in rem or quasi in rem jurisdiction i.e. property in the state or property rights in property located in the state. The defendants in Shaffer never set foot in Delaware nor was any act related to the suit identified as CT Page 564 occurring in Delaware.
Domicile is no longer the basis for in personam jurisdiction. To find the existence of domicile is to find the person's principal residence. That reasoning allows only residents or former residents to be subject to orders of alimony or child support. The statute requiring the plaintiff to establish the Connecticut domicile of the defendant at the time of separation must give way to the holding of International Shoe that permits the plaintiff to seek in personam jurisdiction by establishing that the defendant has sufficient minimum contacts here to hale him into Connecticut court. Such a limitation clearly conflicts with Burnham v.Superior Court of California, 495 U.S. 604, 109 L.Ed.2d 631,110 S.Ct. 2105 (1990) which held personal service made on a non-resident while in state resulted in obtaining in personam jurisdiction, citing International Shoe, supra, at 316.
 "Historically, the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally biding on him. Pennoyer v. Neff, 95 U.S. 714, 733. But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" 326 U.S., at 316, 66 S.Ct., at 158
(citations omitted.)
Section 46b-46(b) was enacted in order to benefit spouses and children who are residents of Connecticut and is to be broadly construed, Jones v. Jones, 199 Conn. 287, 291-93. There is no rational basis for penalizing this plaintiff who satisfies the minimum contacts test simply because the parties' separation occurred abroad.
The defendant's real estate interest is in what was the family home and what is now the plaintiff's home. Those property rights are solely Connecticut's to adjudicate. His contract with the private school is governed by our law. His privilege of operating motor vehicles with his Connecticut license on Connecticut highways CT Page 565 is governed by our law and statutes. The Greenwich home is insured by a contract dictated by Connecticut law, and is serviced by an electric company who bills the defendant at the Greenwich address.
This court concludes that the plaintiff has proven there are sufficient minimum contacts with this state by the defendant to hold that the exercise of in personam jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."
The defendant's motion to dismiss is denied.