[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 101)
On January 8, 1999, the plaintiff filed a complaint against the defendant for dissolution of the marriage of the parties. On January 29, 1999, the defendant filed a motion to dismiss accompanied by a memorandum in support of the motion. The plaintiff filed a memorandum in opposition to the motion to dismiss on April 16, 1999.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal CT Page 8735 quotation marks omitted.) Johnson v. Department of Public Health,48 Conn. App. 102, 107, 710 A.2d 176 (1998). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloskiv. Manchester, 235 Conn. 637, 645 n. 13, 668 A.2d 1314 (1995)." [S]ubject matter jurisdiction can be raised at any time. . . ."Lowe v. Lowe, 47 Conn. App. 354, 357, 704 A.2d 236 (1997). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996). "When either of the parties to a dissolution action meets the domicile requirements of [General Statutes] §46b-44(c), the court has . . . subject matter jurisdiction." (Internal quotation marks omitted.) Sachs v. Sachs,22 Conn. App. 410, 415, 578 A.2d 649, cert. denied, 216 Conn. 815, 580 A.2d 60
(1990).
The defendant moves to dismiss the complaint on the ground that the court lacks subject matter jurisdiction. The defendant argues that neither she nor the plaintiff are domiciliaries or residents of Connecticut. The plaintiff contends that Connecticut is the legal residence and domicile of both he and the defendant.
"An action for dissolution of a marriage obviously is a civil action. . . . The Superior Court has exclusive jurisdiction of all complaints seeking a dissolution of marriage. . . . Section 46b-44
establishes a residency requirement, satisfaction of which is essential to confer on the court subject matter jurisdiction over a dissolution action." (Citations omitted; internal quotation marks omitted.) Charles v. Charles, 243 Conn. 255, 257,701 A.2d 650 (1997), cert. denied, ___ U.S. ___, 118 S.Ct. 1838,140 L.Ed.2d 1089 (1998). Pursuant to General Statutes § 46b-44(a), "[a] complaint for dissolution of a marriage or for legal separation may be filed at any time after either party has established residence in this state."
"Notwithstanding that . . . § 46b-44 refers to either party establishing `residence' in the state, that term has consistently been interpreted to require a party to be domiciled in the state and not merely a resident of the state." Practice Book § 16.3 (Connecticut Practice Series, Vol. 7, p. 124). "Domicil, in the technical sense of the term, we define . . . to be the actual or CT Page 8736 constructive presence of a person in a given place, coupled with the intention to remain there permanently. . . . But domicil is but the established, fixed, permanent, and may therefore be said to be the ordinary dwelling-place or place of residence of a party, as distinguished from his temporary and transient though actual place of residence. One is his legal residence as distinguished from his temporary place of abode." (Citations omitted; internal quotation marks omitted.) McDonald v. HartfordTrust Co., 104 Conn. 169, 177-78, 132 A. 902 (1926).
"A person may have simultaneously two or more residence addresses, but only one domicil at any one time." (Citations omitted.) Cugini v. Cugini, 13 Conn. App. 632, 635, 538 A.2d 1060
(1988). "[I]it is the fact of residence coupled with the intent to remain in Connecticut which is the foundation for jurisdiction." Id., 636; see also Adame v. Adame, 154 Conn. 389,391, 225 A.2d 188 (1966). "[A] domicil once acquired continues until another is established and that [t]he law does not permit one to abandon, nor recognize an abandonment of, a domicil until another has been established." (Citations omitted; internal quotation marks omitted.) Adame v. Adame, supra, 154 Conn. 391.
"The burden of proving an allegation of lack of jurisdiction. . . . falls upon the party making the claim." Cuginiv. Cugini, supra, 13 Conn. App. 635. Therefore, the burden of proving that neither she nor the plaintiff are residents or domiciliaries of Connecticut is on the plaintiff.
Prior to determining whether this court has jurisdiction to grant a decree dissolving the parties' marriage, the threshold issue is whether the plaintiff or the defendant has established residency in this state to file a complaint for dissolution of a marriage. Here, the only evidence that the defendant has submitted to prove an allegation of lack of jurisdiction is an affidavit averring that she and the plaintiff have not resided in Connecticut since 1981 and that from 1981 through 1995, they have resided in various places including California, Illinois, Indiana, Virginia, Dominican Republic, and Taiwan. (Defendant's Affidavit, ¶ 6 a. — h.). The defendant further avers that from 1995 through the present as part of the plaintiff's employment with the Foreign Service, she and the plaintiff have resided in Beijing, China. (Defendant's Affidavit, ¶ 6 i.)
It should be noted that government employees such as "[a]mbassadors, ministers and consular officers generally do not CT Page 8737 gain or lose a domicil by their employment or duties." See Wheatv. Smith, 50 Ark. 266, 7 S.W. 161, 166 (1888) ("It is well settled that when an ambassador or consul is sent by one government to represent his state in a foreign country, his continuous residence in the foreign land, if referable to his official duties, does not work a change of his domicile."); 25 Am. Jur.2d 31, Domicil § 1 (19). Therefore, the plaintiff's employment with the foreign service as a diplomat does not affect his domicile.
Despite the foregoing averments, the defendant has failed to submit to this court any evidence regarding the domicile or residence of she and/or the plaintiff. She has only stated that neither she nor the plaintiff are residents or domiciliaries of Connecticut.
"The question of whether a party is domiciled in Connecticut is one of fact and there is no hard and fast formula for making that determination. However, a number of factors have been identified which are frequently significant. They include the length of time of residence in this state, the place where the rest of the individual's family resides, the place where the individual is registered to vote, the place to which the individual returns after trips, the individual's statements relating to domicile or residency and the nature of any residences, e.g. house, apartment, rented room, etc. A temporary absence from the state will not prevent Connecticut from being a party's domicile, particularly where the absence is of a temporary nature and the individual always intended to return to the state." Practice Book § 16.3 (Connecticut Practice Series, Vol. 7, p. 124); see also Remington v. Aetna Casualty and SuretyCo., 240 Conn. 309, 314-15, 692 A.2d 399 (1997) (holding that the court considers a conglomeration of the factors listed above)Lieberman v. Weston Planning Zoning Commission, Superior Court, judicial district of Stamford at Norwalk, Docket No. 157650 (July 13, 1998, Rodriguez, J.) (residence for voting purposes is an example of one factor used in determining domicile).
In his affidavit, the plaintiff makes various averments relating to the factors outlined above. The plaintiff avers that he resided in Connecticut for his entire life except for two years through 1981. (Plaintiff's Affidavit, ¶ 7). Upon entering the Foreign Service in 1988, the plaintiff listed and to this date continues to list his legal residence as well as his destination for "home leave" as Connecticut. (Plaintiff's CT Page 8738 Affidavit, ¶ 9). Both the plaintiff and the defendant are registered voters in Trumbull, Connecticut. (Plaintiff's Affidavit, ¶ 12). Both parties have held Connecticut driver's licenses since 1994. (Plaintiff's Affidavit, ¶ 13). The plaintiff and the defendant have jointly filed Connecticut state tax returns from 1995 up to and including 1998 and both have current wills based on Connecticut law. (Plaintiff's Affidavit, ¶ 10, 14). Lastly, the plaintiff avers that he considers Connecticut to be his home and the place of his domicile; he has not abandoned his domicile in Connecticut nor has he established a domicile in any other state or country; and Connecticut is the state to which he intends to return on a permanent basis upon his retirement. (Plaintiff's Affidavit, ¶ 15)
Based on the conglomeration of factors the court considers in determining residence, based on the evidence presented by the plaintiff, and based on the failure of the defendant to submit proof to the court of the plaintiff's or her new domicile, Connecticut is the residence and/or domicile of the plaintiff. Therefore, the plaintiff has satisfied subsection (a) of General Statutes § 46b-44 requiring that at least one party establish residence in Connecticut in order to file a complaint for dissolution of a marriage.
The next issue is to determine whether this court has the jurisdiction to enter a decree dissolving the marriage. Pursuant to General Statutes § 46b-44 (c), "[a] decree dissolving a marriage . . . may be entered if: (1) One of the parties to the marriage has been a resident of this state for at least the twelve months next preceding the date of the filing of the complaint or next preceding the date of the decree; or (2) one of the parties was domiciled in this state at the time of the marriage and returned to this state with the intention of permanently remaining before the filing of the complaint; or (3) the cause for the dissolution of the marriage arose after either party moved into this state."
General Statutes § 46b-44 (c)(1) is applicable in the present case. Here, regardless of the plaintiff's various residences between 1981 and 1988 and regardless of the plaintiff's entry into the Foreign Service in 1988 up until the present, the plaintiff has continued to be a resident of Connecticut for the twelve months preceding the date of the filing of the complaint. CT Page 8739
Based on the foregoing, the court has jurisdiction to enter a decree dissolving the marriage, and the motion to dismiss is denied.
CUTSUMPAS, J.